**FILED**
**JUL 2 4 2006**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH LONGTIN <br> 4804 Berwyn Road <br> College Park, Maryland 20740 <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES DEPARTMENT <br> OF JUSTICE <br> 950 Pennsylvania Avenue, NW <br> Washington, DC 20530-0001 <br><br> Serve: <br>     Alberto Gonzales <br>     950 Pennsylvania Avenue, NW <br>     Washington, DC 20530-0001 <br><br> UNITED STATES ATTORNEY'S OFFICE <br> FOR THE DISTRICT OF COLUMBIA <br> United States Attorney <br> 555 4th Street, N.W. <br> Washington, D.C. 20530 <br><br> Serve: <br><br>     Kenneth L. Wainstein <br>     United States Attorney <br>     555 4th Street, N.W. <br>     Washington, D.C. 20530 <br><br> KENNETH L. WAINSTEIN, <br> In his Official Capacity <br> United States Attorney <br> 555 4th Street, N.W. <br> Washington, D.C. 20530 <br><br> RUDOLPH CONTRERAS, <br> In his Official Capacity <br> Assistant United States Attorney <br> 555 4th Street, N.W. <br> Washington, D.C. 20530 | Civil Action No. _____ <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> CASE NUMBER   1:06CV01302 <br><br> JUDGE: Emmet G. Sullivan <br><br> DECK TYPE: TRO/Preliminary Injunction <br><br> DATE STAMP: 07/24/2006 |

Joseph
Greenwald
& Laake

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

1

W. MARK NEBEKER,          \*
In his Official Capacity          \*
Assistant United States Attorney          \*
555 4th Street, N.W.          \*
Washington, D.C. 20530          \*
         \*
    Defendants.          \*

## COMPLAINT

Comes now, the plaintiff, Keith Longtin, by and through his attorneys, Cary J. Hansel, Paul R. Sciubba and the law firm of Joseph, Greenwald and Laake, P.A., and for her complaint against the above-named defendants, states a follows:

## NATURE OF THE ACTION

1. Pursuant to 28 U.S.C. § 1346 and 5 U.S.C. § 703, Count I of this action seeks judicial review in the form of a declaratory judgment that Defendants have improperly failed to permit the plaintiff to depose AUSA Elisa Poteat and allow her to testify at trial in a civil case pending in Prince George's County, Maryland styled as *Longtin v. Prince George's County, et al.*, Case No.: CAL 01-23689. The plaintiff and the defendants have an actual controversy within this Court's jurisdiction as is demonstrated more fully below.

2. The plaintiff respectfully requests that this Court award him injunctive relief, and any other relief that the Court deems appropriate in this matter. As is demonstrated by the allegations of this Complaint, the plaintiff is without adequate remedy at law, and the defendants' conduct has caused, and will continue to cause, irreparable harm to the plaintiff without the imposition of injunctive relief.

3. The plaintiff also respectfully requests relief in the form of a writ of mandamus pursuant to 28 U.S.C. § 1361. As will be shown by this Complaint, the plaintiff has a clear

Joseph
Greenwald
& Laake

oseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

301) 220-2200 • Fax 220-1214

right to depose AUSA Elisa Poteat and have her testify at trial, and lacks adequate relief without the issuance of a writ of mandamus.

## JURISDICTION AND VENUE

4. Count I of this action arises under the Administrative Procedures Act (hereinafter "APA"), 5 U.S.C. § 551 *et seq*. Jurisdiction in this matter is invoked pursuant to 28 U.S.C. § 1331.

5. Count II of this action arises under 28 U.S.C. § 1361, and jurisdiction is invoked in accordance with that statute.

6. Venue is proper within the District of Columbia pursuant to 28 U.S.C. § 1391 because the actions complained of occurred within that location.

## PARTIES

7. The plaintiff, Keith Longtin, is and adult citizen of the State of Maryland and resides in Prince George's County, Maryland.

8. Defendant, the United States Department of Justice is organized under the laws of the United State's Code and is subject to suit under the Administrative Procedures Act.

9. The United States Attorneys Office is organized under the laws of the United State's Code and is subject to suit under the Administrative Procedures Act.

10. Defendant, Kenneth L. Wainstein, is the United States Attorney for the District of Columbia. He is sued in his official capacity.

11. Defendant, Rudolph Contreras is an Assistant United States Attorney for the District of Columbia. He is sued in his official capacity.

12. Defendant, W. Mark Nebeker is an Assistant United States Attorney for the District of Columbia. He is sued in his official capacity.

**Joseph Greenwald & Laake**

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

## EXHAUSTION OF REMEDIES

13. On July 18, 2006, the defendants issued a final agency decision refusing to permit AUSA Elisa Poteat to testify at a deposition or at trial. Accordingly, the plaintiff has exhausted all of his administrative remedies.

## FACTS

14. On or about April 10, 2006, pursuant to *United States ex rel. Touhy v. Ragen,* 340 U.S. 462 (1951) and the applicable regulations, including 28 C.F.R. 16, counsel for plaintiff sent a letter to AUSA Poteat requesting that the defendants produce certain documents and permit AUSA Poteat to testify at deposition in the case of *Longtin v. Prince George's County, et al.*, Circuit Court for Prince George's County, Maryland, Case No.: CAL 01-23689.

15. Between July 15th and July 18th, counsel for plaintiff engaged in conversations with defendant Nebeker and requested that a decision be rendered with respect to the plaintiff's Touhy request.

17. On July 18, 2006, the plaintiff sent a letter to defendant Nebeker explaining in detail why AUSA Poteat should be permitted to testify at deposition.

18. That same day, the defendants denied the plaintiff's Touhy request. The denial was authored by defendant Contreras and was the final and official decision.

19. The defendants' denial of the plaintiff's Touhy request was based on several factors but relied primarily on the Privacy Act, 5 U.S.C. §552a(b).

20. The Privacy act provides that "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person… except pursuant to a written request by, or with prior written consent of, the individual to whom the

Joseph
Greenwald
& Laake

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

301) 220-2200 • Fax 220-1214

record pertains, **unless** disclosure would be... *pursuant to the order of a court of competent jurisdiction.*" *Id.* (emphasis supplied).

21. Thus, if this Court orders that the defendants permit AUSA Poteat to testify at a deposition, this exception to the Privacy Act will apply and the defendants' argument will be moot.

22. This Court should Order that AUSA Poteat testify at a deposition and at trial for several reasons.

23. The information that the plaintiff seeks from AUSA Poteat is not protected by the Privacy Act. Defendant Contreras asserted in his denial that any testimony that that AUSA Poteat gives would result in disclosure of information that would violate Antonio Oesby's privacy.[1]

24. However, as explained in plaintiff's July 19th letter to defendant Nebeker, the plaintiff is not seeking information relating to Mr. Oesby but will only depose AUSA Poteat with respect to her communication with the Prince George's County Police Department and her knowledge of the plaintiff's unlawful incarceration.

25. In the plaintiff's July 18th letter the plaintiff explained as follows:

> At deposition, Ms. Poteat will be asked questions concerning her personal knowledge concerning the plaintiff's wrongful incarceration. Specifically, during the plaintiff's incarceration, we are told by certain of the defendants that Ms. Poteat contacted Prince George's County authorities to suggest that a serial rapist who she was prosecuting in D.C. may have committed the crimes Mr. Longtin was accused of committing. The Prince George's County Police Department (PGPD) ignored this information and information from some of its own investigations, all of which pointed to the actual perpetrator, Antonio Oesby, whom Ms. Poteat successfully prosecuted.

---

[1] Antonio Oesby is a convicted murderer and rapist who is currently incarcerated for several murders and rapes. AUSA Poteat prosecuted Mr. Oesby for a murder and rape that occurred in the District of Columbia.

Joseph Greenwald & Laake

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

5

26. Thus, the plaintiff does not seek any information that would tend to violate Mr. Oesby's rights under the Privacy Act.

27. Moreover, AUSA Poteat should be Ordered to testify regardless of Mr. Oesby's Privacy Act rights because her testimony necessary to prevent an injustice in the matter in question.

28. The defendants in *Longtin v. Prince George's County, et al.*, Case No.: CAL 01-23689, (hereinafter "state court defendants") falsely alleged that the plaintiff, Keith Longtin, confessed to the brutal rape and first degree murder of his own wife. In doing so, one of the state court defendants provided demonstrably false information (including attributing statements to the plaintiff which other officers who were present have since testified he did not make) to a District Court Commissioner in order to have the plaintiff falsely charged and imprisoned.

29. The state court defendants made this false charge only after they subjected the plaintiff to *more than thirty-eight consecutive hours of unlawful interrogation, denying him sleep for all but 50 minutes.*

30. During the interrogation, the plaintiff was denied his right to counsel and physically threatened. As a result of the false assertions of the state court defendants, the plaintiff was detained for more than 8 months. In fact, Mr. Longtin was not released until Antonio Oesby was arrested for the murder of the plaintiff's wife.

31. The plaintiff discovered for the first time during this litigation that during his pretrial detention, DNA tests confirmed on January 11, 2000 that he could not have committed the murder. *Yet, the state court defendants kept the plaintiff imprisoned for five additional months despite having irrefutable DNA proof of his innocence.* The plaintiff was

Joseph
Greenwald
& Laake

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

301) 220-2200 • Fax 220-1214

finally released on June 12, 2000 – having unnecessarily spent eight (8) months and seven (7) days in the Prince George's County Detention Center awaiting trial.

32. During the plaintiff's incarceration, plaintiff was told by certain of the state court defendants that AUSA Poteat contacted Prince George's County authorities to suggest that a serial rapist who she was prosecuting in D.C. may have committed the crimes Mr. Longtin was accused of committing.

33. The Prince George's County Police Department ignored this information and information from some of its own investigations, all of which pointed to the actual perpetrator, Antonio Oesby, whom AUSA Poteat successfully prosecuted.

34. As a result, the plaintiff was needlessly jailed for over 8 months during which time he lost work, many possessions and missed the funeral of his wife.

35. Clearly, AUSA Poteat's testimony is relevant and necessary in the state court action in order to hold the defendants in that action liable for unlawfully detaining the plaintiff and violating his constitutional rights. In this regard, overriding concerns of justice can take precedence over an individual's rights under the Privacy Act. *See Robinett v. State Farm Mut. Auto. Ins. Co.*, 83 Fed. Appx. 638 (5th Cir. 2003) (affirming trial court's decision that "release of veteran's medical files to insurer pursuant to state court subpoena fell within Privacy Act exception for orders of court of competent jurisdiction" and "<u>disclosure of the records [was] necessary to prevent the perpetration of fraud or other injustice in the matter in question</u>").

Joseph
Greenwald
& Laake

oseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

301) 220-2200 • Fax 220-1214

7

36. In his denial of plaintiff's Touhy request, defendant Contreras also asserts that on July 17, 2006, unsigned counsel informed defendant Nebeker that discovery was closed in the state court action and that this fact weighs against allowing AUSA Poteat to testify. 28 C.F.R. §16.26(a)(1).

37. In contrast to this assertion, the plaintiff informed defendant Nebeker that while discovery was closed in the state court case the state court judge specifically ruled that the plaintiff was still permitted to secure AUSA Poteat's deposition and to seek other discovery from the state court defendants that was requested *prior to the close of discovery* and to which the plaintiff was entitled under the Maryland Rules of Civil Procedure.

38. In light of this information, defendant Contreras's reliance on 28 C.F.R §16.26(a)(1) was clearly erroneous.

## COUNT I

(Declaratory Judgment –
Violation of the Administrative Procedures Act)

39. The plaintiff realleges and incorporates by reference the foregoing as if fully set forth herein.

40. The determination by the defendants is unlawful pursuant to 5 U.S.C. § 706(2)(A). The decision to refuse to produce certain documents and to prohibit AUSA Poteat from testifying applied the incorrect standard of review and ignored certain undisputed facts and, therefore, the plaintiff was denied his statutory and constitutional procedural rights. Thus, such decision was arbitrary, capricious, and an abuse of discretion, and otherwise not in accordance with the law.

41. The determination by the defendants is unlawful pursuant to 5 U.S.C. § 706(2)(C). The decision to prohibit AUSA Poteat from testifying applied the incorrect standard

Joseph
Greenwald
& Laake

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

of review and ignored the undisputed facts and, therefore, the plaintiff was denied his statutory and constitutional procedural rights. Thus, such decision is in excess of statutory jurisdiction, authority or limitations, and short of statutory right.

42. The determination by the defendants is unlawful pursuant to 5 U.S.C. § 706(2)(D). The decision to prohibit AUSA Poteat from testifying applied the incorrect standard of review and ignored the undisputed facts and, therefore, the plaintiff was denied her statutory and constitutional procedural rights. Thus, such decision was without observance of procedure required by law.

43. The determination by the defendants is unlawful pursuant to 5 U.S.C. § 706(2)(E). The decision to refuse to produce certain documents and to prohibit AUSA Poteat from testifying applied the incorrect standard of review, and ignored the undisputed facts and, therefore, the plaintiff was denied her statutory and constitutional procedural rights. Thus, such decision was unsupported by substantial evidence.

44. The defendants' conduct and actions have resulted in, and are continuing to result in, substantial and irreparable harm to the plaintiff and his case.

### Prayer for Relief

Wherefore, as relief for all harms alleged herein, the plaintiff requests that this Honorable Court:

(a) issue a declaration that the final agency decision made on July 18, 2006, is unlawful pursuant to the Administrative Procedure Act, 5 U.S.C. § 706;

(b) enjoin the defendants from taking any actions to enforce the final agency decision;

Joseph
Greenwald
& Laake

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

(c) order that AUSA Elisa Poteat is to appear at deposition in the case of *Longtin v. Prince George's County, et al.*, Circuit Court for Prince George's County, Maryland, Case No.: CAL 01-23689;

(d) order that AUSA Elisa Poteat is to appear at trial in the case of *Longtin v. Prince George's County, et al.*, Circuit Court for Prince George's County, Maryland, Case No.: CAL 01-23689;

(e) award plaintiff her costs, expenses, and reasonable attorneys' fees incurred in connection with this litigation; and

(f) grant such other and further relief at law and equity as is just and appropriate.

Respectfully submitted,

JOSEPH, GREENWALD & LAAKE, P.A.

Cary J. Hansel (Bar No. 14722)
Paul R. Sciubba (Bar No. 16635)
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
(301) 220-2200
*Attorneys for plaintiff*

Joseph
Greenwald
& Laake

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

10