**FILED**
**JUL 2 4 2006**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEITH LONGTIN          *
                       *
      Plaintiff,

vs.                    CASE NUMBER   1:06CV01302

                       JUDGE: Emmet G. Sullivan

UNITED STATES DEPARTMENT     DECK TYPE: TRO/Preliminary Injunction
OF JUSTICE, et al.
                       DATE STAMP: 07/24/2006

      Defendants.      *

## PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

Comes now the Plaintiff, Keith Longtin, by and through his attorney, Cary J. Hansel, Paul R. Sciubba and the law firm of Joseph, Greenwald & Laake, P.A., and pursuant to Federal Rule of Civil Procedure 65(b), files this Motion for Temporary Restraining Order. In support of this Motion, the Plaintiff refers this Honorable Court to the accompanying Statement of Points and Authorities as well as the Plaintiff's Complaint.

Respectfully submitted,

JOSEPH, GREENWALD & LAAKE, P.A.

*[signature]*

Cary J. Hansel (Bar No. 14722)
Paul R. Sciubba (Bar No. 16635)
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
(301) 220-2200
*Attorneys for plaintiff*

Joseph
  Greenwald
    & Laake

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 24 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

KEITH LONGTIN                         *
                                      *
           Plaintiff,                 *
                                      *
vs.                                   *   Civil Action No. 06 1302
                                      *
UNITED STATES DEPARTMENT              *
OF JUSTICE, et al.                    *
                                      *
           Defendants.                *

**PLAINTIFF'S STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

Comes now the Plaintiff, Keith Longtin, by and through his attorney, Cary J. Hansel, Paul R. Sciubba and the law firm of Joseph, Greenwald & Laake, P.A., and pursuant to Federal Rule of Civil Procedure 65(b), files this Statement in Support of Plaintiff's Motion for Temporary Restraining Order, and respectfully states as follows:

I.  **Introduction**

The Plaintiff to this action seeks judicial review of the Defendants' denial of the Plaintiff's Touhy request. That decision, which was authored by Defendants Contreras and Nebreker, erroneously held that the Plaintiff's request to depose Assistant United State's Attorney Elisa Poteat (hereinafter "AUSA Poteat") would violate the Privacy Act.

Because AUSA Poteat has personal knowledge that is relevant and material to the outcome of the Plaintiff's case, which is currently pending in Prince George's County, Maryland, and because the trial of that matter is scheduled to begin on August 14, 2006, the Plaintiff seeks emergency injunctive relief to avoid substantial, immediate and irreparable harm.

**Joseph
Greenwald
& Laake**

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane  •  Suite 400
Greenbelt, Maryland 20770

(301) 220-2200  •  Fax 220-1214

The Plaintiff respectfully requests that in light of the substantial harm that he will suffer if this injunction is denied, that this Honorable Court grant the plaintiff's request for injunction, overrule the Defendants' denial of plaintiff's Touhy request and issue an order compelling the Defendants to allow the Plaintiff to depose AUSA Poteat and to appear at trial, which is scheduled to begin on August 14, 2006.

## II.   Statement of Undisputed Facts

The case of *Longtin v. Prince George's County, et al.*, Circuit Court for Prince George's County, Maryland, Case No.: CAL 01-23689 (hereinafter "the state court case"), is a civil action brought by Mr. Longtin against Prince George's County, Maryland and certain police officers of the Prince George's County Police Department (hereinafter "state court defendants").

The state court defendants falsely alleged that Mr. Longtin confessed to the brutal rape and first degree murder of his wife. The state court defendants made this false charge only after they subjected the Plaintiff to *more than thirty-nine consecutive hours of unlawful interrogation*. As a result of the false assertions of the state court defendants, the Plaintiff was detained for months. In fact, Mr. Longtin was not released until after another man, *who has since been convicted*, was arrested for the murder of the Plaintiff's wife.

During Mr. Longtin's pretrial detention, DNA tests confirmed on January 11, 2000 that he could not have committed the murder. *Yet, the* state court d*efendants kept the Plaintiff imprisoned for six additional months despite having irrefutable DNA proof of his innocence.* Mr. Longtin was finally released on June 12, 2000 – having unnecessarily spent eight (8) months and seven (7) days in the Prince George's County Detention Center awaiting trial.

Joseph
Greenwald
& Laake

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane  •  Suite 400
Greenbelt, Maryland 20770

(301) 220-2200  •  Fax 220-1214

Through the discovery process in his civil case, the Plaintiff learned that during his incarceration, AUSA Poteat contacted Prince George's County authorities to suggest that a serial rapist who she was prosecuting in D.C. may have committed the crimes Mr. Longtin was accused of committing. The Prince George's County Police Department ignored this information and information from some of its own investigations, all of which pointed to the actual perpetrator, Antonio Oesby, whom AUSA Poteat successfully prosecuted. At his deposition, state court defendant Det. Ronald Herndon testified as follows:

> Q   What happened after that in connection with the case?
> A   It stayed dormant for -- for a while, and I began to -- I don't know whether or not I was looking at the news or I was talking to another investigator, and Mr. Oseby's case was brought up. **And then I believe I got a phone call or -- I'm not sure exactly how it all transpired, but I know I talked to a young lady down at the U.S. Court, Lisa Poteat.** And she had a case against Mr. Oseby where he was sighted on a -- in a place where he was working by a victim, and he was subsequently locked up.
> And then in conjunction with that, I believe my sexual assault unit also was working a case with
>
> \*    \*    \*
>
> him also with a young lady.
> Q   Who at the sexual assault unit was working the case?
> A   I believe it was Detective Bingley, I believe.
> Q   When Lisa Poteat called you from the District of Columbia, you said she had a case against him. What was her job in the District?
> A   She was a lawyer.
> Q   And when she called you, she suggested that Mr. Oseby may be your man in this case as well, in the Zinetti murder?
> A   No, she just was -- I can't remember the exact conversation. I -- I can't remember the exact conversation that we had, to be honest with you.
> Q   Well, why would she call you about Mr. Oseby

Joseph
Greenwald
& Laake

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

3

> other than to suggest he might be the person in the Zinetti case?
> A   I -- I just can't remember that exact conversation, I really can't.
> Q   Did someone ever -- whoever -- who first suggested, to your recollection, that Mr. Oseby was a
>
> \*   \*   \*
>
> possible suspect in the Zinetti murder?
> A   See, I don't know whether or not it was her victim or the victim that Bingley had where Mr. Oseby had made a statement as far as my last victim wasn't that lucky.  I just can't remember which -- which -- which case it was.  I can't remember whether it was the one in D.C. or the one that Bingley had.  I'm not -- I'm not real sure which one it was.
> Q   So there was a case in D.C. that Lisa Poteat contacted you about and a case in Maryland that Bingley of the sexual assault unit contacted you about, correct?
> A   **I may have contacted Poteat, which is possible.  I know we got in contact with one another in reference to this gentleman.**

*See* Ronald Herndon Depo., dated July 14, 2004, at 190:9-11; 191:1-22; 192:1-15, attached as Exhibit 1.

As a result of the state court defendants' failure to investigate AUSA Poteat's statements concerning the Plaintiff's innocence, the Plaintiff was needlessly jailed for over 8 months during which time he lost work, many possessions and missed his wife's funeral.

On or about April 10, 2006, pursuant to *United States ex rel. Touhy v. Ragen,* 340 U.S. 462 (1951) and the applicable regulations, counsel for Plaintiff sent a letter to AUSA Poteat requesting that the Defendants produce certain documents and permit AUSA Poteat to testify at deposition in the state court case.  *See* Letter to Poteat, dated April 10, 2006, attached as Exhibit 2.  The Defendants in this action failed to issue a decision on the Plaintiff's Touhy

**Joseph Greenwald & Laake**

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

4

request for **_more than three months_**, and finally issued a decision *only* after several telephone calls and letters from Plaintiff's counsel.

Between July 15th and July 18th, counsel for Plaintiff corresponded with Defendant Nebeker and requested that a decision be rendered with respect to the Plaintiff's Touhy request. On July 18, 2006, the Plaintiff sent a letter to Defendant Nebeker explaining in detail why AUSA Poteat should be permitted to testify at deposition. *See* Letter to Nebeker, dated July 18, 2006, attached as Exhibit 3. That same day, the Defendants denied the Plaintiff's Touhy request. *See* Letter to Cary J. Hansel from Rudolph Contreras, dated July 18, 2006, at Exhibit 4.

The denial of the Plaintiff's Touhy request was authored by Defendant Contreras and constituted the final "agency" decision.

### III. Legal Analysis

As this court is well aware, to warrant injunctive relief, the moving party must show "(1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable injury if the injunction were not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction." *Chaplaincy of Full Gospel Churches v. England*, --- F.3d ----, 2006 WL 1867203, *4 (D.C. Cir. 2006), (*citing Mova Pharm. Corp.,* 140 F.3d 1060, 1066 (D.C.Cir.1998) (*quoting CityFed Fin. Corp. v. Office of Thrift Supervision,* 58 F.3d 738, 746 (D.C.Cir.1995)).

As explained below, the Plaintiff can meet all four of these factors and, therefore, this Court should grant this Motion for Preliminary Injunction and overturn the Defendants' wrongful, arbitrary and capricious denial of the Plaintiff's Touhy request.

Joseph Greenwald & Laake

Joseph, Greenwald & Laake, P.A.
404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

### A. There is a substantial likelihood that Plaintiff will succeed on the merits

This Court need not look any further than the undisputed facts of this motion and the exhibits filed simultaneously herewith to determine that Defendants' denial of the Plaintiff's Touhy request was erroneous.

#### 1. The Privacy Act is inapplicable to Elisa Poteat's anticipated deposition and trial testimony

The Defendants' denial relied primarily on the Privacy Act, 5 U.S.C. §552a(b). The Privacy act provides that "[n]o agency shall disclose any record which is *contained in a system of records* by any means of communication to any person except pursuant to a written request by, or with prior written consent of, the individual to whom the record pertains..." *Id.* (emphasis supplied).

Defendant Contreras asserted in his denial of Plaintiff's Touhy request that any testimony that that AUSA Poteat gives would result in disclosure of information that would violate convicted felon, Antonio Oesby's, privacy.[1]

However, as explained in Plaintiff's July 19th letter to Defendant Nebeker, the Plaintiff is not seeking information relating to Mr. Oesby but will only depose AUSA Poteat with respect to her communication with the Prince George's County Police Department and her knowledge of the Plaintiff's unlawful incarceration. In the Plaintiff's July 18th letter the Plaintiff explained as follows:

> At deposition, Ms. Poteat will be asked questions concerning her personal knowledge concerning the plaintiff's wrongful incarceration. Specifically, during the plaintiff's incarceration, we are told by certain of the defendants that Ms. Poteat contacted Prince George's County authorities to suggest that a serial rapist who she was prosecuting in D.C. may have committed the crimes

---

[1] Antonio Oesby is a convicted murderer and rapist who is currently incarcerated for several murders and rapes. AUSA Poteat prosecuted Mr. Oesby for a murder and rape that occurred in the District of Columbia.

6

Mr. Longtin was accused of committing. The Prince George's County Police Department (PGPD) ignored this information and information from some of its own investigations, all of which pointed to the actual perpetrator, Antonio Oesby, whom Ms. Poteat successfully prosecuted.

Thus, the Plaintiff does not seek any information pertaining to Mr. Oesby that is not already of public record and certainly none that would tend to violate Mr. Oesby's rights under the Privacy Act.

In light of this information, Defendant Contreras's denial is clearly erroneous, not based on substantial evidence, ignored certain undisputed facts, and is arbitrary, capricious, an abuse of discretion, and not in accordance with law.

### 2. Elisa Poteat should be compelled to testify because her testimony is necessary to prevent injustice in the matter in question

Moreover, AUSA Poteat should be ordered to testify even if, *arguendo,* Mr. Oesby's Privacy Act rights were triggered, because her testimony is necessary to prevent an injustice in the matter in question. *See Robinett v. State Farm Mut. Auto. Ins. Co.*, 83 Fed. Appx. 638 (5th Cir. 2003) (affirming trial court's decision that "release of veteran's medical files to insurer pursuant to state court subpoena fell within Privacy Act exception for orders of court of competent jurisdiction" and **"disclosure of the records [was] necessary to prevent the perpetration of fraud or other injustice in the matter in question**").

The state court defendants in *Longtin v. Prince George's County, et al.*, Case No.: CAL 01-23689, (hereinafter "state court defendants") falsely alleged that the Plaintiff, Keith Longtin, confessed to the brutal rape and first degree murder of his own wife. In doing so, one of the state court defendants provided demonstrably false information (including attributing statements to the Plaintiff which other officers who were present have since

Joseph
Greenwald
& Laake

oseph, Greenwald & Laake, P.A.
0404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

301) 220-2200 • Fax 220-1214

testified he did not make) to a District Court Commissioner in order to have the Plaintiff falsely charged and imprisoned.

The state court defendants made this false charge only after they subjected the Plaintiff to *more than thirty-eight consecutive hours of unlawful interrogation, denying him sleep for all but 50 minutes.* During the interrogation, the Plaintiff was denied his right to counsel and physically threatened. As a result of the false assertions of the state court defendants, the Plaintiff was detained for more than 8 months. In fact, Mr. Longtin was not released until Antonio Oesby was arrested for the murder of the Plaintiff's wife.

As explained above, the Plaintiff discovered for the first time during this litigation that during his pretrial detention, DNA tests confirmed on January 11, 2000 that he could not have committed the murder. *Yet, the state court defendants kept the Plaintiff imprisoned for five additional months despite having irrefutable DNA proof of his innocence.* The Plaintiff was finally released on June 12, 2000 – having unnecessarily spent eight (8) months and seven (7) days in the Prince George's County Detention Center awaiting trial.

During the Plaintiff's incarceration, he was told by certain of the state court defendants that AUSA Poteat contacted Prince George's County authorities to suggest that a serial rapist who she was prosecuting in D.C. may have committed the crimes Mr. Longtin was accused of committing. The Prince George's County Police Department ignored this information and information from some of its own investigations, all of which pointed to the actual perpetrator, Antonio Oesby, whom AUSA Poteat successfully prosecuted.

Joseph
Greenwald
& Laake

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane ● Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 ● Fax 220-1214

Clearly, AUSA Poteat's testimony is relevant and necessary in the state court action in order to hold the state court defendants liable for unlawfully detaining the Plaintiff and violating his constitutional rights. In this regard, overriding concerns of justice can take precedence over an individual's rights under the Privacy Act and AUSA Poteat should be compelled to testify.

In light of this information, Defendant Contreras's denial is clearly erroneous, not based on substantial evidence, ignored certain undisputed facts, and is arbitrary, capricious, an abuse of discretion, and not in accordance with law.

### 3. Even if this Court deems the Privacy Act applicable, it should still overturn the Defendant's Touhy request denial so as not to deprive state court litigants of a Privacy Act exception

Even assuming, *arguendo*, that AUSA Poteat's testimony would fall within the purview of the Privacy Act, an exception to the Act applies where disclosure is *"pursuant to the order of a court of competent jurisdiction."* 5 U.S.C. §552a(b) (emphasis supplied).

In reliance on this exception and because the Plaintiff's civil action was filed in *Maryland* state court, on April 10, 2006, the Plaintiff obtained an Order for an Out of State Commission to take the deposition of Elisa Poteat. *See* Order issued by the Honorable William B. Spellbring, Jr., dated April 10, 2006, attached as Exhibit 5. Pursuant to the Commission, the Honorable Henry F. Greene of the Superior Court of the District of Columbia issued a subpoena to Elisa Poteat, Esq., and directed her to appear for deposition on May 10, 2006. *See* Subpoena, dated April 10, 2006, attached as Exhibit 6.

On April 17, 2006, the United States Attorney's Office, filed a Notice of Removal and a Motion to Quash Subpoenas in this Court (Case No. 1:06MS00464). In their Motion to Quash, the Defendants relied on *Houston Business Journal, Inc. v. Office of Comptroller of*

Joseph
Greenwald
& Laake

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

9

*the Currency*, 86 F.3d 1208, 1212 (D.C. Cir. 1996), for the proposition that "[i]f [an] agency refuses to produce the requested [discovery pursuant to a plaintiff's Touhy request], **the sole remedy for the state-court litigant is to file a collateral action in federal court under the APA.**" *Id.*

Thus, if this Court issues an order directing the Defendants to produce AUSA Poteat to testify at a deposition and at trial, the "*order of a court of competent jurisdiction*" exception to the Privacy Act will apply, and the Defendants' argument will be moot.

In light of this information, Defendant Contreras's denial is clearly erroneous, not based on substantial evidence, ignored certain undisputed facts, and is arbitrary, capricious, an abuse of discretion, and not in accordance with law.

### 4. Defendants' reliance on alleged statements by undersigned counsel that discovery in the state court case is closed is erroneous

In his denial of Plaintiff's Touhy request, Defendant Contreras also asserts that on July 17, 2006, unsigned counsel informed Defendant Nebeker that discovery was closed in the state court action and that this fact weighs against allowing AUSA Poteat to testify. 28 C.F.R. §16.26(a)(1).

The Defendants' assertion is simply false and his reliance on this allegation is clearly erroneous. The Plaintiff informed Defendant Nebeker that while discovery was closed in the state court case, the state court judge has ruled that the Plaintiff was still permitted to seek discovery from the state court defendants that was requested *prior to the close of discovery* and to which the Plaintiff is entitled under the Maryland Rules of Civil Procedure. The fact that Judge Spellbring issued an Order for an Out of State Commission to take the deposition of Elisa Poteat on May 10, 2006, at 10:00 a.m. *See* Exhibit 5, demonstrates that discovery is not closed with respect to AUSA Poteat.

Joseph
Greenwald
& Laake

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

In light of this information, Defendant Contreras's denial is clearly erroneous, not based on substantial evidence, ignored certain undisputed facts, and is arbitrary, capricious, an abuse of discretion, and not in accordance with law.

### B. The Plaintiff will suffer irreparable injury if the injunction is not granted.

The trial in the Plaintiff's state court case is scheduled to begin on August 14, 2006. In that case, the Plaintiff bears the burden of proving that Prince George's County acted unlawfully and without legal justification by detaining him in violation of his constitutional rights. In *State v. Dett*, 391 Md. 81, 94, 891 A.2d 1113, 1121 (2006), the Court of Appeals of Maryland explained that:

> [a] detaining authority may come into possession of information, not known at the time of arrest or not known at some earlier point in the detention, which, by establishing that the person being detained is not, in fact, the person authorized to be detained, *may cause the legal justification relating to identity to disappear*. The standards used to determine legal justification remain the same, but, *in the course of a continuing detention, their application needs to be reexamined whenever changes in the factual underpinning of their application become known.*

*Id.* (emphasis supplied). At trial, AUSA Poteat's testimony will be essential to proving that the state court defendants possessed knowledge of the Plaintiff's innocence and failed to release him even though they lacked legal justification.

As explained above, during the Plaintiff's incarceration, he was told by certain of the state court defendants that AUSA Poteat contacted Prince George's County authorities to suggest that a serial rapist who she was prosecuting in D.C. may have committed the crimes Mr. Longtin was accused of committing. *See* Exhibit 1. The Prince George's County Police Department ignored this information and information from some of its own investigations, all of which pointed to the actual perpetrator, Antonio Oesby, whom AUSA Poteat successfully prosecuted.

Joseph
Greenwald
& Laake

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

11

Without AUSA Poteat's testimony, the Plaintiff will be substantially hindered and severely prejudiced in his ability to prosecute his case. Specifically, the Plaintiff will be at a critical disadvantage in offering proof as to the specific time that the defendants had reason to believe that the Plaintiff was innocent of the charges against him. This is clearly demonstrated by Detective Herndon's testimony that he is unable to recall the exact conversation that he had with AUSA Poteat with respect to Antonio Oesby's involvement in the murder. *See* Exhibit 1 at 192:13-15 ("I may have contacted Poteat, which is possible. I know we got in contact with one another in reference to [Antonio Oesby].")

Moreover, even if Detective Herndon could give accurate testimony (and it is clear from his deposition that he cannot), the Plaintiff should not be forced to rely on the deposition testimony of a defendant to prove his case when an independent witness is readily available. In this respect, there is a substantial likelihood that AUSA Poteat has personal knowledge of facts that could lead to the clarification, if not impeachment, of Detective Herndon's deposition testimony.

Simply stated, the Plaintiff will suffer substantial injury to his case if this injunction is not granted. *See Carter v. Helmsley-Spear, Inc.*, 852 F.Supp. 228 (S.D.N.Y. 1994). In *Carter*, the plaintiffs, artists, who entered into contract to construct sculptures and other permanent installations in the lobby of a building sought preliminary injunctive relief to have access to certain work that they created, which was the subject matter of a civil action. The Court granted the plaintiffs' request for preliminary injunctive relief on the basis that its failure to do so would result in irreparable harm to the *"plaintiff's ability to prepare for trial."* The Court explained as follows:

Joseph
Greenwald
& Laake

Joseph, Greenwald & Laake, P.A.
404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

> ***plaintiffs and their invitees must have access to the Work in order to prepare adequately for a trial on the merits of their claims***. In order to prove their claims, it will be necessary for plaintiffs to present expert testimony on the issues raised in their complaint. If plaintiffs, or their invitees, are denied access to the Property during the pendency of this suit, ***plaintiffs' ability to prepare for trial will be impaired***.

*Id.* at 232-33. (emphasis supplied). *Carter* is indistinguishable from the instant matter in that like the plaintiffs in *Carter*, Mr. Longtin's ability to prepare for trial will be irreparably harmed if this Court does not grant his emergency request for injunctive relief

### C. Granting an injunction would not substantially injure other interested parties.

Not only will the Court's granting of this injunction <u>not</u> substantially injure the Defendants in this matter, but the Defendants will suffer *absolutely no injury at all*. It is abundantly clear that the Defendants' *sole* concern with respect to allowing the Plaintiff to depose AUSA Poteat, relates to their potential liability as relates to convict Oesby under the Privacy Act.

Specifically, in Defendant Contreras's denial of the Plaintiff's Touhy request and in several conversations that undersigned counsel had with Defendant Nebeker, the Defendants conveyed their concerns that by allowing AUSA Poteat to testify, Antonio Oesby could file a lawsuit against the Defendants for violating his rights under the Privacy Act.

Ironically, if this Court grants the Plaintiff's request for injunctive relieve and overturns the Defendants' denial, then AUSA Poteat's deposition testimony will fall under an exception to the Privacy Act because it would be "*pursuant to the order of a court of competent jurisdiction...*"[2]

Joseph
Greenwald
& Laake

Joseph, Greenwald & Laake, P.A.
404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

---

[2] Perhaps even more ironically, had the plaintiff filed his suit against Prince George's County in federal court, a federal subpoena would have been issued compelling AUSA Poteat's deposition *ad Testificandum* and this exception would have applied automatically without the plaintiff having to file and Touhy request in the first place.

13

Simply stated, the Defendants to this action have *no other interest* in denying the Plaintiff's Touhy request with respect to AUSA Poteat's deposition other than their concerns relating to their potential civil liability under the Privacy Act, which can be assuaged by this Court's granting of the Plaintiff's request for injunctive relief.

In addition to the Defendants, no other interested parties will be substantially injured if this Court grants the Plaintiff's request for injunction. *Cortez III Service Corp. v. National Aeronautics & Space Administration*, 950 F. Supp. 357, 363 (D.D.C. 1996) ("Plaintiff must establish that a preliminary injunction will harm neither the defendants nor any other interested party.").

With respect to convicted felon Oesby's interests, as explained above, the Plaintiff does not plan to delve into the specifics of Mr. Oesby's case. The focus of AUSA Poteat's deposition and testimony at trial will be on her communications with the Prince George's County Police Department. At trial, the Plaintiff must meet the elements of each of his constitutional, statutory and common law claims. AUSA Poteat's anticipated testimony will be crucial in the Plaintiff's ability to establish a time when the state court defendants had reason to know of the Plaintiff's innocence and lacked legal justification for continuing to detain the Plaintiff.

While Prince George's County and the other state defendants might be considered interested parties to this case, they too have an interest in deposing AUSA Poteat and presumably would not object to this Court's granting of the Plaintiff request for injunction. Even assuming, *arguendo*, that the state court defendants did object to this injunction, they are subject to Judge Spellbring's Order granting the Commission to take her deposition and also would not be substantially injured by this Court's granting of an injunction because they are

Joseph Greenwald & Laake

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

14

well aware that the Plaintiff has sought to secure AUSA Poteat's deposition for more than three months and have had ample time to prepare for said deposition.

### D. The public interest would be furthered if an injunction is granted.

The public interest that would be furthered if this Court grants an injunction is substantial. "Certainly it is in the public interest for constitutional rights to be protected." *Favia v. Indiana Univ. of Pennsylvania*, 812 F. Supp. 578, 585 (W.D.Pa.1993) (emphasis supplied), *aff'd* 7 F.3d 332 (3d Cir.1993); *Chicago Acorn v. Metropolitan Pier and Exposition Authority*, 941 F.Supp. 692, 705 (N.D. Ill. 1996) ("the public has a powerful public interest in constitutional rights").

Additionally, "federal courts [are vested] with discretion broad enough to protect public interests in fair administration of criminal justice." *U.S. v. Cowan*, 524 F.2d 504, 512 (5th Cir. 1975); *Skibo v. City of New York*, 109 F.R.D. 58, 61 (E.D.N.Y. 1985) (disclosure is proper where such disclosure serves the "paramount public interest in the fair administration of justice").

Without a doubt, AUSA Poteat's anticipated deposition testimony will help to hold Prince George's County responsible for violating the Plaintiff's constitutional rights and ensure that the fair administration of justice is carried out. In this regard, even assuming, *arguendo*, that the Privacy Act is a concern, this Court should not hesitate to conclude that such concerns "must give place... to a paramount public interest in the fair administration of justice." *In re Evans*, 452 F.2d 1239, 1265, (D.C. Cir. 1971).

Therefore, the public interest would be furthered if this Court grant's the Plaintiff's request for injunction and issues and Order compelling AUSA Poteat to testify at trial.

Joseph
Greenwald
& Laake

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

301) 220-2200 • Fax 220-1214

## IV. Conclusion

Wherefore, as relief for all harms alleged herein, the plaintiff requests that this Honorable Court:

(a) issue a declaration that the final agency decision (Touhy denial) made on July 18, 2006, is unlawful pursuant to the Administrative Procedure Act, 5 U.S.C. § 706;

(b) enjoin the defendants from taking any actions to enforce the final agency decision;

(c) order that AUSA Elisa Poteat is to appear at deposition in the case of *Longtin v. Prince George's County, et al.*, Circuit Court for Prince George's County, Maryland, Case No.: CAL 01-23689;

(d) order that AUSA Elisa Poteat is to appear at trial in the case of *Longtin v. Prince George's County, et al.*, Circuit Court for Prince George's County, Maryland, Case No.: CAL 01-23689, scheduled to begin on August 14, 2006;

(e) award plaintiff her costs, expenses, and reasonable attorneys' fees incurred in connection with this litigation; and

(f) grant such other and further relief at law and equity as is just and appropriate.

Respectfully submitted,

JOSEPH, GREENWALD & LAAKE, P.A.

Cary J. Hansel (Bar No. 14722)
Paul R. Sciubba (Bar No. 16635)
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
(301) 220-2200
*Attorneys for plaintiff*

```
                                             FILED
                                             JUL 2 4 2006
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF COLUMBIA           NANCY MAYER WHITTINGTON, CLERK
                                              U.S. DISTRICT COURT
```

KEITH LONGTIN                           \*
            Plaintiff,      \*
 
vs.                                     \*   Civil Action No. __06 1302__

UNITED STATES DEPARTMENT                \*
OF JUSTICE, et al.                      \*

            Defendants.    \*

## AFFIDAVIT OF KEITH LONGTIN

Comes now the Plaintiff, Keith Longtin, and respectfully states as follows:

1. I am over 18 and competent to testify to the following facts.

2. My name is Keith Longtin, I am the Plaintiff in the above-referenced matter.

3. I have reviewed the Complaint filed in this matter and I hereby certify under penalties of perjury that that facts contained in the Complaint are true and correct based on my personal knowledge.

_____          _____
Keith Longtin                             Date: July 21, 06

Joseph
   Greenwald
      & Laake

Joseph, Greenwald & Laake, P.A.
  Ivy Lane • Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214