# Joseph Greenwald & Laake

**Attorneys at Law**
Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane · Suite 400
Greenbelt, Maryland 20770
(301) 220-2200 · Fax 220-1214
www.jgllaw.com

FRED R. JOSEPH (1943-1997)
ANDREW E. GREENWALD
WALTER E. LAAKE, JR.
STEPHEN A. FRIEDMAN
BURT M. KAHN
MICHAEL D. JACKLEY
STEVEN M. PAVSNER
BARBARA A. JORGENSON
TIMOTHY F. MALONEY
DAVID BULITT

DOV APFEL
JAY P. HOLLAND
TIMOTHY P. O'BRIEN
JERRY D MILLER
STEVEN B. VINICK
PAUL F. RIEKHOF
CARY J. HANSEL
DAVID S. COAXUM
BARBARA E. PALMER
LAWRENCE R. HOLZMAN

LISA M. VOSO
CLAIRE E. BUCHNER
BRIAN J. MARKOVITZ
VERONICA BYAM NANNIS
ABIGAIL ROSS HOPPER
REED SPELLMAN
KEVIN S. DALE
AMY L. PELLICIOTTA
JASON L. LEVINE
PAUL R. SCIUBBA

**PLEASE RESPOND TO GREENBELT OFFICE**

Cary J. Hansel
Direct Dial: 240-553-1197
Email: chansel@jgllaw.com

April 10, 2006

<u>**VIA FIRST CLASS MAIL & FACSIMILE**</u>

Elisa Poteat, Esquire
and Custodian of Records
U.S. Attorney's Office
Organized Crime Section
555 4th Street, NW, Room 4124
Washington, DC 20530

Re: <u>***Longtin v. Prince George's County, et al.***, Circuit Court for Prince George's County, Maryland, Case No.: CAL 01-23689
Touhy & FOIA Request</u>

06 1302
**FILED**
JUL 2 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Dear Ms. Poteat:

Thank you for taking the time to speak briefly with me over the telephone. As you know, we represent the plaintiff in *Longtin v. Prince George's County, et al.*, Circuit Court for Prince George's County, Maryland, Case No.: CAL 01-23689. I am writing in response to your request for me to put the matters we would like to discuss in writing. In order to do so, I will need to first provide you with some context for our request.

The defendants in the above-referenced matter are Prince George's County, Maryland and certain of its officers and employees. Neither you, nor your office, nor the federal government are defendants or potential defendants in this matter. In fact, you should know that our client may well have spent his life in jail, or worse, for a crime he did not commit had it not been for certain DNA evidence and the intervention of honorable members of the law enforcement community such as yourself.

We believe you possess information relevant to the matters at issue in the above-referenced action based on the following: The defendants falsely alleged that the plaintiff, Keith Longtin, confessed to the brutal rape and first degree murder of his own wife. In doing so, one of the defendants provided demonstrably false information (including attributing statements to the plaintiff which other officers who were present have since testified he did not make) to a District Court Commissioner in order to have the plaintiff falsely charged and imprisoned. The defendants made this false charge only after they subjected the plaintiff to *more than thirty-eight consecutive hours of unlawful interrogation, denying him sleep for all but 50 minutes*. During the interrogation, the plaintiff was denied his right to counsel and physically

EXHIBIT 2

135 W. Dares Beach Road, Suite 209A
Prince Frederick, Maryland 20678
(410) 535-3572

1 Church Street, Suite 601
Rockville, Maryland 20850
(301) 220-2200

**Joseph**
  **Greenwald**
    **& Laake**

Elisa Poteat, Esquire
and Custodian of Records
April 10, 2006
Page 2

threatened. As a result of the false assertions of the defendants, the plaintiff was detained for more than 8 months. In fact, Mr. Longtin was not released until after another man, *who has since been convicted*, was arrested for the murder of the plaintiff's wife.

The plaintiff discovered for the first time during this litigation that during his pretrial detention, DNA tests confirmed on January 11, 2000 that he could not have committed the murder. *Yet, the defendants kept the plaintiff imprisoned for five additional months despite having irrefutable DNA proof of his innocence.* The plaintiff was finally released on June 12, 2000 – having unnecessarily spent eight (8) months and seven (7) days in the Prince George's County Detention Center awaiting trial.

During the plaintiff's incarceration, we are told by certain of the defendants that you contacted Prince George's County authorities to suggest that a serial rapist who you were prosecuting in D.C. may have committed the crimes Mr. Longtin was accused of committing. The Prince George's County Police Department ignored this information and information from some of its own investigations, all of which pointed to the actual perpetrator, Antonio Oesby, whom you successfully prosecuted. As a result, the plaintiff was needlessly jailed for over 8 months during which time he lost work, many possessions and missed the funeral of his wife.

The testimony we believe you could provide is testimony related to and surrounding the events outlined above as well as the in connection with the documents and information designated below.

As you will note, we are also seeking a records deposition of the Custodian of Records for the United States Attorney's Office (the "Custodian"). The Custodian is a third party fact witness in the above-referenced case and, upon information, belief and evidence already a part of the record in the above-referenced case, has information, knowledge and documents relevant to the plaintiff's case. Particularly, the Custodian of Records will have the documents designated below and will be able to authenticate them if necessary.

Pursuant to *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) and the applicable regulations, including 28 C.F.R. 16, we are requesting the following:

1) to meet with you to discuss the information and documents designated below;

2) to review and copy, for discovery purposes and our use at trial in the matter of *Longtin v. Prince George's County, et al.*, Circuit Court for Prince George's County, Maryland, Case No.: CAL 01-23689, the documents designated below; and

3) to take your deposition on or before May 10, 2006 at 1200 Nineteenth Street, NW, Washington, DC, 20036-2412 or a location of your choosing in the

**Joseph Greenwald & Laake**

Elisa Poteat, Esquire
and Custodian of Records
April 10, 2006
Page 3

District of Columbia or Prince George's County Maryland. Enclosed, please find a District of Columbia subpoena for a deposition at 10 a.m. on May 10, 2006 and at the 1200 Nineteenth Street address. Of course, we would be happy to reschedule the deposition to a location of your choosing and a date of your choosing prior to May 10, 2006.

In addition to the foregoing, the following documents are hereby requested:

1. A copy of the case file and any notes, e-mail or other records (whether stored electronically or in hard copy) in the case of *United States of America v. Antonio Oesby*.

2. A copy of any documents which reflect any telephone calls, electronic mail messages, writings or communications amongst or between Elisa Poteat and/or the Office of the United States Attorney and/or officers of the Prince George's County Police Department and/or the Office of the State's Attorney for Prince George's County.

3. any notes, files or other materials reflecting the conversation(s) and communication(s) between Assistant United States Attorney Elisa Poteat, Esquire and Prince George's County authorities.

4. A copy of any documents (whether stored electronically or in hard copy) involving, mentioning or referring to Keith A. Longtin.

5. A copy of any documents (whether stored electronically or in hard copy) involving, mentioning or referring to Antonio Oesby.

6. A copy of any documents (whether stored electronically or in hard copy) involving, mentioning or referring to Donna Zinetti.

The foregoing provides all information presently known about the records sought herein.

In addition to the foregoing, testimony on the following topics is hereby requested:

1. testimony related to the documents listed above.

2. testimony regarding any communications of any type amongst or between Elisa Poteat and/or the Office of the United States Attorney and/or officers of the Prince George's County Police Department and/or the Office of the State's Attorney for Prince George's County related to, mentioning, referring

**Joseph**
**Greenwald**
**& Laake**

Elisa Poteat, Esquire
and Custodian of Records
April 10, 2006
Page 4

to or involving Keith A. Longtin.

3. testimony regarding any communications of any type amongst or between Elisa Poteat and/or the Office of the United States Attorney and/or officers of the Prince George's County Police Department and/or the Office of the State's Attorney for Prince George's County related to, mentioning, referring to or involving Antonio Oesby.

4. testimony regarding any communications of any type amongst or between Elisa Poteat and/or the Office of the United States Attorney and/or officers of the Prince George's County Police Department and/or the Office of the State's Attorney for Prince George's County related to, mentioning, referring to or involving Prince George's County murder victim Donna Zinetti.

Please also consider this a request under the Freedom of Information Act. ("FOIA"), 5 U.S.C. § 552 (2003). I request that a copy of the documents listed above as well as any documents containing the information sought through deposition testimony be provided to me under FOIA.

Our office is willing to pay fees for this request up to a maximum of $1,000.00. If you estimate that the fees will exceed this limit, please inform me before incurring any costs.

Finally, please let us know if there is any additional information we can provide or any accommodations we can make for your convenience in addressing the matters raised herein.

Very truly yours,

JOSEPH, GREENWALD & LAAKE, P.A.

Cary J. Hansel

cc: FOIA/PA Mail Referral Unit
Justice Management Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW.
Washington, DC 20530-0001