# Joseph Greenwald & Laake

**Attorneys at Law**
Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane · Suite 400
Greenbelt, Maryland 20770
(301) 220-2200 · Fax 220-1214
www.jgllaw.com

FRED JOSEPH (1943-1997)
ANDREW E. GREENWALD
WALTER E. LAAKE, JR.
STEPHEN A. FRIEDMAN
BURT M. KAHN
MICHAEL D. JACKLEY
STEVEN M. PAVSNER
BARBARA A. JORGENSON
TIMOTHY F. MALONEY
DAVID BULITT

DOV APFEL
JAY P. HOLLAND
TIMOTHY P. O'BRIEN
JERRY D MILLER
STEVEN B. VINICK
PAUL F. RIEKHOF
CARY J. HANSEL
DAVID S. COAXUM
BARBARA E. PALMER
LAWRENCE R. HOLZMAN

LISA M. VOSO
CLAIRE E. BUCHNER
BRIAN J. MARKOVITZ
VERONICA BYAM NANNIS
ABIGAIL ROSS HOPPER
KEVIN S. DALE
AMY L. PELLICIOTTA
JASON L. LEVINE
PAUL R. SCIUBBA
ROBB LONGMAN

Paul R. Sciubba
Direct Dial: 240-553-1122
Email: psciubba@jgllaw.com

July 18, 2006

**VIA FACSIMILE (202) 514-8780**

U.S. Attorney's Office, District of Columbia
W. Mark Nebeker
Assistant United States Attorney
Civil Division
555 4th Street, NW, Room 4124
Washington, DC 20530

Re: *Longtin v. Prince George's County, et al.*, Circuit Court for Prince George's County, Maryland, Case No.: CAL 01-23689
**Touhy Request**

Dear Mr. Nebeker:

This letter is a follow up to our prior request that your office or appropriate Department Official permit Elisa Poteat to testify at a deposition in the above-referenced matter or, simply allow us to speak with her in your presence. We believe that pursuant to 28 C.F.R. §16.26, Ms Poteat's testimony is proper in light of the considerations set forth below.

In pertinent part, 28 C.F.R. §16.26 provides as follows:

(a) In deciding whether to make disclosures pursuant to a demand, Department officials and attorneys should consider:

(1) Whether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose, and

(2) Whether disclosure is appropriate under the relevant substantive law concerning privilege.

06 1302
**FILED**
JUL 2 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT
3

**Joseph Greenwald & Laake**

W. Mark Nebeker
July 18, 2006
Page 2

(b) Among the demands in response to which disclosure will not be made by any Department official are those demands with respect to which any of the following factors exist:

(1) Disclosure would violate a statute, such as the income tax laws, 26 U.S.C. 6103 and 7213, or a rule of procedure, such as the grand jury secrecy rule, F.R.Cr.P., Rule 6(e),

(2) Disclosure would violate a specific regulation;

(3) Disclosure would reveal classified information, unless appropriately declassified by the originating agency,

(4) Disclosure would reveal a confidential source or informant, unless the investigative agency and the source or informant have no objection,

(5) Disclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired,

(6) Disclosure would improperly reveal trade secrets without the owner's consent.

(c) In all cases not involving considerations specified in paragraphs (b)(1) through (b)(6) of this section, the Deputy or Associate Attorney General will authorize disclosure unless, in that person's judgment, after considering paragraph (a) of this section, disclosure is unwarranted. The Deputy or Associate Attorney General will not approve disclosure if the circumstances specified in paragraphs (b)(1) through (b)(3) of this section exist. The Deputy or Associate Attorney General will not approve disclosure if any of the conditions in paragraphs (b)(4) through (b)(6) of this section exist, unless the Deputy or Associate Attorney General determines that the administration of justice requires disclosure. In this regard, if disclosure is necessary to pursue a civil or criminal prosecution or affirmative relief, such as an injunction, consideration shall be given to:

(1) The seriousness of the violation or crime involved,

(2) The past history or criminal record of the violator or accused,

(3) The importance of the relief sought,

**Joseph**
  **Greenwald**
    **& Laake**

W. Mark Nebeker
July 18, 2006
Page 3

> (4) The importance of the legal issues presented,
>
> (5) Other matters brought to the attention of the Deputy or Associate Attorney General.

28 C.F.R. §16.26.

With respect to subsection (a) above, it is undisputed that "disclosure (i.e., Ms. Poteat's testimony) is appropriate under the rules of procedure governing the case or matter" pending in the Circuit Court for Prince George's County. The pending case is governed by the Maryland Rules. Rule 2-411 provides that "[a]ny party to an action may cause the testimony of a person, whether or not a party, to be taken by deposition for the purpose of discovery or for use as evidence in the action or for both purpose." Thus, the Maryland procedural rules permit Ms. Poteat to testify at a deposition and clearly, no rule prohibits you from allowing her to speak with us.

Additionally, "disclosure is appropriate under the relevant substantive law concerning privilege." At deposition, Ms. Poteat will be asked questions concerning her personal knowledge concerning the plaintiff's wrongful incarceration. Specifically, during the plaintiff's incarceration, we are told by certain of the defendants that Ms. Poteat contacted Prince George's County authorities to suggest that a serial rapist who she was prosecuting in D.C. may have committed the crimes Mr. Longtin was accused of committing. The Prince George's County Police Department (PGPD) ignored this information and information from some of its own investigations, all of which pointed to the actual perpetrator, Antonio Oesby, whom Ms. Poteat successfully prosecuted. Ms. Poteat's deposition will focus primarily on her *previous* discussions with the Prince George's County authorities with respect to your concerns about Mr. Longtin's innocence. Because this information has already been released to a third party, there should be no concerns about privilege or about Mr. Oesby's privacy. **Clearly, we will not seek any information that would tend to violate the Privacy Act.**

With respect to subsection (b) above, a *prima facie* determination can be made that the factors listed are irrelevant to Ms. Poteat's anticipated testimony. Moreover, even if the Department has some concerns about a factor in subsection (b), Ms. Poteat's testimony may be limited to alleviate the Department's concerns.

Thus, because the present case does not involve considerations specified in paragraphs (a) and (b) above, the considerations listed paragraph (c) should govern the Department's decision with respect to the plaintiff's demand. In this regard, paragraph (c) provides that "if disclosure is necessary to pursue a civil or criminal prosecution or affirmative relief, such as an injunction, consideration shall be given to:

Joseph
    Greenwald
        & Laake

W. Mark Nebeker
July 18, 2006
Page 4

    (1) The seriousness of the violation or crime involved,
    (2) The past history or criminal record of the violator or accused,
    (3) The importance of the relief sought,
    (4) The importance of the legal issues presented,
    (5) Other matters brought to the attention of the Deputy or Associate Attorney General.

28 C.F.R. §16.26.

    In this case, each of these five factors weighs in favor of allowing you to testify at deposition. Mr. Longtin's case involves serious violations of both federal and state law. In addition, the past history of the Prince George's County Police Department demonstrates a pattern and practice of abusive behavior toward Maryland citizens and of the violation of well established constitutional rights. In fact, the Department of Justice believed the situation to be so egregious that in July of 1999, the Department initiated an investigation of misconduct by the Canine Section of the Prince George's County Police Department. **<u>Also, in October of 2000, the Department of Justice initiated an investigation of a pattern or practice of excessive force throughout the Prince George's County Police Department</u>**. Both investigations were commenced pursuant to the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141, and the Omnibus Crime Control and Safe Streets Act of 1968, 42 U.S.C. § 3789d. On January 22, 2004, as a result of these investigations, a comprehensive Consent Memorandum of Agreement (MOA) and Consent Decree were entered into between the Department of Justice and Prince George's County, Maryland and the Prince George's County Police Department. **<u>Through the discovery process in this case, we have obtained information that shows how the PGCPD ahs directly violated this agreement</u>**.

    Furthermore, the egregiousness of the misconduct on the part of Prince George's County in Mr. Longtin's case is part of a pattern and practice of misconduct. In the recent case of *Corey Beale v. Prince George's County, et al.*, Civil Action No. DKC-01-2389, this firm represented the plaintiff, Corey Beale against the County. In that case, Mr. Beale was interrogated by the Prince George's County Police from August 13, 1998 through August 15, 1998 regarding the murder of Michael Harley, who was a friend of Corey Beale. During the entire time of the interrogation, Mr. Beale was a 17 year-old minor with learning disabilities and cognitive deficits. The interrogation of Mr. Beale from August 13 through August 15, 1998 resulted in Mr. Beale falsely confessing to the murder of Michael Harley. During the interrogation, Mr. Beale was deprived of sleep and food and subjected to repeated violations of his constitutional rights. Moreover, during the interrogation, Mr. Beale repeatedly requested to see an attorney and repeatedly asked to see his mother, and these requests were always denied by the police. During the entire interrogation, Mr. Beale was permitted a maximum of 46 minutes of sleep, from 11:45 a.m. until 12:31 p.m. on August 15, 1998. In addition to the exceptionally lengthy interrogation and the deprivation of reasonable food and sleep, the Prince George's County detectives made

**Joseph Greenwald & Laake**

W. Mark Nebeker
July 18, 2006
Page 5

illegal promises and threats. The officers yelled and screamed at Mr. Beale and told him he couldn't leave until the interrogation was completed. At one point, on the final day of questioning, one of the detectives physically grabbed Mr. Beale and threw him against the wall. Mr. Beale was repeatedly threatened with harm if he did not comply with the detectives' demands, and he was promised leniency if he did comply. He was told that he was going to immediately get the gas chamber or spend the rest of his life in prison without the possibility of parole if he did not confess to the crime.

During the time that Mr. Beale was incarcerated, he was repeatedly assaulted, sodomized and raped. He described no less than three (3) incidents where he was beaten, held down, raped, and forced to perform acts of oral sex on other inmates. Also during the time of Mr. Beale's incarceration, the Charles County police also investigated the murder of Michael Harley. The Charles County Police Department's investigation stands in striking contrast to the investigation conducted by the Prince George's County police. The Charles County police did not begin with a theory of who committed the crime, nor did they manipulate the evidence to fit their theory. Instead, the Charles County police let the evidence lead their investigation. Most disturbing is the fact that after the Charles County police finished their investigation, which ultimately resulted in the successful prosecution and conviction of the person who was the actual perpetrator of Michael Harley's murder, Mr. Beale still remained incarcerated for at least three (3) additional and unnecessary months, despite the fact that Charles County disclosed the information regarding the actual perpetrator to Prince George's County.

The seriousness of Prince George's County Police Department's conduct with respect to the way it conducts interrogations and treats criminal suspects is also highlighted in a series of Washington Post articles. The articles report on an FBI investigation that was conducted concerning allegations of police misconduct and civil rights violations by Keith Longtin, Corey Beale and a suspect, Dennis Deonte Green.

The "importance of the relief sought" and the "legal issues presented" also weigh in favor of the Department allowing you to testify. As explained above, the legal issues presented encompass not only common law torts, but constitutional claims as well. Thus, there are fundamental rights at stake it is essential that such rights are preserved and protected. While the relief sought is money damages, a verdict in favor of the plaintiff will send a message to Prince George's County, and ensure that it does the following:

(a) improve the quality of all use of force training;
(b) develop and implement use of force training curricula;
(c) select and train PGPD officer trainers;
(d) develop, implement, approve, and oversee all in-service training;
(e) develop, implement, approve, and oversee a patrol division roll call protocol designed to effectively inform officers of relevant changes in policies and procedures;

**Joseph Greenwald & Laake**

W. Mark Nebeker
July 18, 2006
Page 6

 (f) establish procedures for evaluating all training curricula and procedures; and
 (g) conduct regular needs assessments to ensure that use of force training is responsive to the knowledge, skills, and abilities of the officers being trained.

 Lastly, allowing Ms. Poteat to testify furthers the goals, purposes and objectives of the Department of Justice and your office as well. As I'm sure you are aware, the Department's mission is:

> *To enforce the law and defend the interests of the United States according to the law; to ensure public safety against threats foreign and domestic; to provide federal leadership in preventing and controlling crime; to seek just punishment for those guilty of unlawful behavior; and to ensure fair and impartial administration of justice for all Americans.*

Department of Justice, *Mission Statement*. Thus, allowing Ms. Poteat to testify will further the Department's goal of providing federal leadership in preventing Prince George's County from unlawfully violating the constitutional rights of its citizens. The coercive interrogation techniques employed by the PGPD lead to false confessions and imprisonment of innocent citizens. Moreover, such techniques allow guilty persons to remain free, which presents a danger to the citizens of the State of Maryland. Ms. Poteat's testimony will ensure the fair and impartial administration of justice for the plaintiff and other citizens as well.

 <u>I also ask that you please forward this letter to the individual responsible for making this decision</u>.

 Please let us know if there is any additional information we can provide or any accommodations we can make for your convenience in addressing the matters raised herein.

      Very truly yours,

      JOSEPH, GREENWALD & LAAKE, P.A.

      *[signature]*
      Paul R. Sciubba