

U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

July 18, 2006

Cary J. Hansel, Esq.
JOSEPH, GREENWALD & LAAKE, P.A.
6404 Ivy Lane
Suite 400
Greenbelt, MD 20770
and by fax: (301) 220-1214

In Re: Touhy Request in Longtin v. P.G. County,
    Case No. 01-23689 (P.G. County, MD).

Dear Mr. Hansel:

   This office has considered your request for information pursuant to Department of Justice regulations. See 28 C.F.R. § 16.21 et seq.; United States ex rel Touhy v. Ragen, 340 U.S. 462 (1951). Upon consideration of the factors set forth in those regulations, we have concluded that production of the requested information should be denied at this time.

   You have sought a copy of the case file and any other records (whether stored electronically or in hard copy) in the case of United States v. Antonio Oesby,[1] as well as the opportunity to interview and depose the prosecutor in the Oesby case. The regulations under which to gain approval for release of such information provide in part:

   (a) In deciding whether to make disclosures pursuant to a demand, Department officials and attorneys should consider

   (1) Whether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose, and

06 1302

FILED

JUL 2 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

[1] Although your request also seeks other categories of documents, we have concluded that all of those items, if they exist, would be maintained only in any criminal case file that this office would have in the criminal case.

EXHIBIT
4

>   (2) Whether disclosure is appropriate under the relevant substantive law concerning privilege.
>
> (b) Among the demands in response to which disclosure will not be made by any Department official are those demands with respect to which any of the following factors exist:
>
>   (1) Disclosure would violate a statute, such as the income tax laws, 26 U.S.C. 6103 and 7213, or a rule of procedure, such as the grand jury secrecy rule, F.R.Cr.P., Rule 6(e),
>
>   (2) Disclosure would violate a specific regulation. . .

28 C.F.R. § 16.26.

One statute that generally acts as a bar to the production of information from government files is the Privacy Act, 5 U.S.C. § 552a(b).[2] Under that statute, "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person. . . except pursuant to a written request by, or with prior written consent of, the individual to whom the record pertains, unless disclosure would be [authorized under one of twelve provisions in the Privacy Act.]" You have provided no written authorization for disclosure of the requested information and we are not aware of any applicable exception within the Privacy Act that would allow disclosure of the information you seek. See 5 U.S.C. § 552a(b)(1)-(12). Thus, it appears that disclosure of the information requested at this time would be contrary to the Privacy Act and its associated regulations.

Another, although perhaps more limited, impairment to disclosure of information sought would be the limitations on the disclosure of information gathered through the Grand Jury process. Superior Court Rule of Criminal Procedure 6(e) generally prohibits the release of such information. And we are aware of no order from the Superior Court that would allow the release of information protected by Rule 6(e). See Senate of Puerto Rico v. Department of Justice, 823 F.2d 574, 584 (D.C. Cir. 1987). Similarly, our criminal case files contain significant attorney work product and deliberative information which is subject to the protection from disclosure. See NLRB v.

---

[2] Department of Justice has adopted regulations governing Privacy Act requests as well. 28 C.F.R. §§ 16.40-16.132.

Sears Roebuck & Co., 421 U.S. 132, 149 (1975); Coastal States Gas Corp. v. Department of Energy, 617 F.2d 854, 868 (D.C. Cir. 1980). Although not covering all of the information that our files may contain, there remains significant privileged information that would be encompassed within your request for all documents in a criminal case file. See 63 Fed. Reg. 8659 (February 20, 1998) (describing Criminal Case Files system of records).

We are mindful that in a letter dated July 18, 2006, Mr. Paul Scuibba, of your office, has opined that you "will not seek any information that would tend to violate the Privacy Act." July 18, 2006 Letter from Paul Sciubba, Esq., at 3. Unfortunately, we do not believe such a limitation could be implemented in practice. Your request seeks, inter alia, a copy of the case file. . ." in one of our criminal prosecutions. Those case files are, in fact, part of a system of records governed by the Privacy Act. See 5 U.S.C. § 552a(a)(4)-(5); 63 Fed. Reg. 8659 (February 20, 1998). The July 18, 2006 letter also indicates that "[b]ecause this information has already been released to a third party, there should be no concerns about privilege or about Mr. Oesby's privacy." July 18, 2006 Letter from Paul Sciubba, Esq., at 3. When, however, information is released to a witness or other law enforcement entity consistent with the Privacy Act or a routine use available under the Privacy Act, that disclosure would not permit disclosures of protected information, even the identical information, to others. See 5 U.S.C. § 552a(b). Moreover, even if Ms. Poteat were able to recall events independently of the information in the files, our Court of Appeals has held that the release of the information is still subject to the Privacy Act, where she participated in gathering the information for the file in the first place. See Bartel v. Federal Aviation Admin., 725 F.2d 1403, 1408 (D.C. Cir. 1984).[3]

Finally, we note that on July 17, 2006, this office was informed by Mr. Scuibba that the discovery period had lapsed in the case. An assessment of whether "disclosure is appropriate

---

[3] The July 18, 2006 Letter from your office also indicates a potential method to allow Ms. Poteat's testimony "to be limited to alleviate the Department's concerns." July 18, 2006 Letter from Paul Sciubba, Esq., at 3. We have been unable to identify what relevant testimony she could provide consistent with the concerns identified herein. And we have not received any proffer of a summary of testimony which could be provided consistent with the concerns outlined herein. Such a summary of testimony would be helpful, and is called for by the applicable regulations. See 28 C.F.R. § 16.22(c).

under the rules of procedure governing the case or matter," see 28 C.F.R. § 16.26(a)(1), requires us to recognize the inability to secure a deposition in the case. Nevertheless, we invite you to provide us with the needed written waiver from Mr. Oesby or some other basis upon which to avoid the general prohibition of the Privacy Act and SCR-Crim. 6(e), and remain willing to reconsider your <u>Touhy</u> request upon receipt of such additional submission.[4]

We regret that we were not able to provide a more favorable response at this time. If you have any questions or concerns, or wish to supplement your request, please contact Assistant United States Attorney W. Mark Nebeker at (202) 514-7230.

                    Sincerely,

                    KENNETH L. WAINSTEIN
                    United States Attorney

By:   RUDOLPH CONTRERAS
      Chief, Civil Division

---

[4] Mr. Scuibba has indicated a belief that discovery might be allowed to progress notwithstanding the passage of the discovery period. If you are able to satisfy the other concerns set out in this letter, we would also welcome additional information on whether the Court has extended discovery as well.