IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH LONGTIN                    * | |
| * | |
| Plaintiff,               * | |
| * | |
| vs.                              * | **Civil Action No. 06-CV-1302** |
| * | |
| UNITED STATES DEPARTMENT  * | |
| OF JUSTICE, *et al.*            * | |
| * | |
| Defendants.           * | |

**PLAINTIFF'S SUPPLEMENTAL STATEMENT OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING
ORDER**

Comes now the Plaintiff, Keith Longtin, by and through his attorney, Cary J. Hansel, Paul R. Sciubba and the law firm of Joseph, Greenwald & Laake, P.A., and pursuant to Federal Rule of Civil Procedure, files this Supplemental Statement in Support of Plaintiff's Motion for Temporary Restraining Order, and respectfully states as follows:

1.  The Plaintiff filed his Complaint and application for Temporary Restraining Order on Monday, July 24, 2006 wherein he requested, among other relief, that this Court issue an Order compelling AUSA Elisa Poteat to attend a deposition and testify at trial in the case of *Longtin v. Prince George's County, Maryland, et al.*, Case No.: CAL 01-23689.

2.  The Plaintiff hereby alleges and incorporates by reference, all facts and arguments made in his Complaint and application for Temporary Restraining Order as if fully set forth herein.

3.   In the Plaintiff's Touhy request he sought several categories of records relating to AUSA Poteat's communications with the Prince George's County Police Department and other County Officials. Among the categories of records sought were the following:

(a)   a copy of any documents which reflect any telephone calls, electronic mail messages, writings or communications amongst or between Elisa Poteat and/or the Office of the United States Attorney and/or officers of the Prince George's County Police Department and/or the Office of the State's Attorney for Prince George's County.

(b)   any notes, files or other materials reflecting the conversation(s) and communication(s) between Assistant United States Attorney Elisa Poteat, Esquire and Prince George's County authorities.

(c)   a copy of any documents (whether stored electronically or in hard copy) involving, mentioning or referring to Keith A. Longtin.

4.   With respect to these documents and others requested by the Plaintiff, the Defendants' Touhy denial raised several arguments, most of which are addressed in the Plaintiff's Complaint and application for Temporary Restraining Order.

5.   In addition, in their denial, the Defendants also claimed that the documents sought are protected by the work product doctrine and are "*subject to the protection from disclosure.*"

6.   The work product doctrine simply does not apply to the documents sought in this case. It is well settled that "[e]ven if a third party communication is obtained or prepared with an eye toward litigation, it may be discoverable if the 'one who would invade that privacy [can] establish adequate reasons to justify production.'" *In re Grand Jury Proceedings,* 43 F.3d 966, 970 (5th Cir. 1994), (*citing Hickman v. Taylor,* 329 U.S. 495, 512 (1947)).

7.	It is undisputed that the documents sought by the Plaintiff in this case were created during a criminal case in which AUSA Poteat was prosecuting Antonio Oesby for a rape he committed in the District of Columbia.  That case has now concluded and Mr. Oesby was convicted of the crimes for which he was charged.

8.	The documents sought by the Plaintiff are narrowly tailored and do not specifically relate to Mr. Oesby but focus on the Plaintiff himself as well as AUSA Poteat's conversations with the Prince George's County Police Department and/or the Office of the State's Attorney for Prince George's County.

9.	As explained in the Plaintiff's Complaint and application for Temporary Restraining Order, the Plaintiff will suffer immediate and irreparable harm if the Defendants to this action are not ordered to produce these documents.  Specifically, the documents sought contain information that is crucial to the Plaintiff's ability to adequately prepare for and prove his case at trial.  Moreover, the Plaintiff cannot obtain the information from any other source.

10.	These undisputed facts are adequate reasons to justify production of the documents, records and communications sought.

11.	The Defendants will not be prejudiced if this Court issues an order compelling them to produce the information sought by the Plaintiff.

Wherefore, as relief for all harms alleged herein, the Plaintiff requests that this Honorable Court:

(a)	issue an order compelling the Defendants to produce: a copy of any documents which reflect any telephone calls, electronic mail messages, writings or communications amongst or between Elisa Poteat and/or the Office of the United

States Attorney and/or officers of the Prince George's County Police Department and/or the Office of the State's Attorney for Prince George's County; and

    (b)    issue an order compelling the Defendants to produce: any notes, files or other materials reflecting the conversation(s) and communication(s) between Assistant United States Attorney Elisa Poteat, Esquire and Prince George's County authorities; and

    (c)    issue an order compelling the Defendants to produce: A copy of any documents (whether stored electronically or in hard copy) involving, mentioning or referring to Keith A. Longtin.

    (d)    grant such other and further relief at law and equity as is just and appropriate.

    Respectfully submitted,

    JOSEPH, GREENWALD & LAAKE, P.A.

    _____/s/_____
Cary J. Hansel (Bar No. 14722)
Paul R. Sciubba (Bar No. 16635)
6404 Ivy Lane, Suite 400
Greenbelt, MD  20770
(301) 220-2200
*Attorneys for plaintiff*

5

Case 1:06-cv-01302-JMF    Document 5    Filed 07/27/2006    Page 5 of 5