```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA
```

KEITH LONGTIN,                        )
                                      )
       Plaintiffs,                )
                                      )
   v.                                 ) Civil Action No. 06-1302 JMF
                                      )
UNITED STATES DEPARTMENT              )
  OF JUSTICE, <u>et al.</u>,              )
                                      )
       Defendants.                )
_____)

<u>DECLARATION OF W. MARK NEBEKER</u>

    1.  I, W. Mark Nebeker, am an Assistant United States Attorney ("AUSA") in the Civil Division of the Office of the United States Attorney for the District of Columbia. I am familiar with the facts set forth in this declaration, either because of my personal observation of the facts set forth, or because of a review I have made of the records of this office, which are maintained by persons in the office with a duty accurately and timely to maintain those records.

    2.  On or about April 10, 2006, this office received a facsimile of two subpoenas for depositions to take place in the District of Columbia on May 10, 2006. The subpoenas were issued by the Superior Court of the District of Columbia, but were accompanied by Commissions from the Circuit Court for Prince George's County, MD, in the case of <u>Longtin</u> v. <u>Prince George's County, MD</u>, Case No. CAL 01-23689 (P.G. Co.). Also accompanying the subpoenas was a letter requesting approval of deposition testimony and documents from AUSA Poteat and the Custodian of Records of this office, seeking, <u>inter alia</u>, "A copy of the case file and any notes, e-mail or other records . . . in the case of

*United States of America v. Antonio Oesby.*" The letter referenced the regulations set forth in 28 C.F.R. 16, but did not seek trial testimony.

3. On April 17, 2006, this office served and filed a motion to quash the subpoenas and removed the subpoena matters to the United States District Court for the District of Columbia, where they were assigned miscellaneous numbers 06-ms-164 and 06-ms-165.

4. Mr. Longtin has not filed any opposition to the motion to quash.

5. On May 22, 2006, in an effort to assist this office in assessing the request for information under the Department of Justice's regulations, I forwarded a request for information by e-mail to the Prince George's County Special Counsel defending the Longtin case in Maryland. I specifically asked whether discovery remained open in the case. A copy of my e-mail to Special Counsel Jay H. Creech and his response is attached hereto as Exhibit A. That response reveals that "Factual discovery closed in Longtin v. PGC, CAL 01-23689 on February 1, 2006. The deadline for depositions only was extended to May 10, 2006." Id. Mr. Creech also appended two orders to his response reflecting the deadline for depositions as May 10, 2006. Id.

6. A June 6, 2006 Letter from Mr. Paul R. Sciubba, Esq., was also forwarded to AUSA Poteat, a true and correct copy of which is attached as Exhibit B.

7. My contemporaneous notes reflect that on July 17, 2006, I spoke with Mr. Longtin's counsel without Mr. Longtin's

participation in the conversation and learned, notwithstanding the lack of a response to the motion to quash, that they did not intend to abandon their request for the testimony, that they had a trial date of August 14, 2006, and that "disco[very] is closed, but we could get the judge to allow more discovery."

 8. On July 18, 2006, this office faxed a denial of the request to Mr. Cary J. Hansel, noting, <u>inter alia</u>, that the Privacy Act prohibited the disclosure of the requested information. A copy of the response is attached hereto as Exhibit C. The July 18, 2006 response did, however, invite Mr. Longtin to provide "a written waiver from Mr. Oesby or some other basis upon which to avoid the general prohibition of the Privacy Act, and [Superior Court Criminal Rule] 6(e)." <u>Id</u>. The response also indicated a willingness to reconsider the decision upon receipt of such additional submission. <u>Id</u>.

 9. Mr. Longtin, through counsel, did, in fact, submit additional information in a letter dated July 19, 2006, and the decision of July 17, 2006 was reconsidered. A true and correct copy of the July 19, 2006 submission is attached as Exhibit D.

 10. On July 21, 2006, this office issued its final decision on Mr. Longtin's <u>Touhy</u> request after consideration of the July 19, 2006 submission as well as the other exhibits described in this declaration. A true and correct copy of the July 21, 2006 decision is attached as Exhibit E.

 11. This office has no record of any request by Mr. Longtin or his counsel for trial testimony by Ms. Poteat, and Mr. Longtin

has offered no authority for the proposition that a Maryland State Court may issue process extraterritorially.

    I declare this under penalty of perjury, that the foregoing is true and correct to the best of my information and belief.

July 28, 2006                  W. MARK NEBEKER
  dated                         Assistant United States Attorney