## Joseph Greenwald & Laake

Attorneys at Law
Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane · Suite 400
Greenbelt, Maryland 20770
(301) 220-2200 · Fax 220-1214
www.jgllaw.com

FRED R. JOSEPH (1940-1997)
ANDREW E. GREENWALD
WALTER E. LAAKE, JR.
STEPHEN A. FRIEDMAN
BURT M. KAHN
MICHAEL D. JACKLEY
STEVEN M. PAVSNER
BARBARA A. JORGENSON
TIMOTHY F. MALONEY
DAVID BULITT

DOV APFEL
JAY P. HOLLAND
TIMOTHY F. O'BRIEN
JERRY D MILLER
STEVEN B. VINICK
PAUL F. BEKHOF
CARY J. HANSEL
DAVID S. COAXUM
BARBARA E. PALMER
LAWRENCE R. HOLZMAN

LISA M. VOSO
CLAIRE E. BUCHNER
BRIAN J. MARKOVITZ
VERONICA BYAM NANNIS
ABIGAIL ROSS HOPPER
KEVIN S. DALE
AMY L. PELLICIOTTA
JASON L. LEVINE
PAUL R. SCIUBBA
ROBB LONGMAN

Paul R. Sciubba
Direct Dial: 240-553-1122
Email: psciubba@jgllaw.com

July 19, 2006

<u>**VIA FACSIMILE (202) 514-8780**</u>

U.S. Attorney's Office, District of Columbia
W. Mark Nebeker
Assistant United States Attorney
Civil Division
555 4th Street, NW, Room 4124
Washington, DC 20530

      Re:   *Longtin v. Prince George's County, et al.*, Circuit Court for
             Prince George's County, Maryland, Case No.: CAL 01-23689
             <u>**Touhy Request**</u>

Dear Mr. Nebeker:

This letter is in response to Mr. Rudolph Contreras's July 18th denial of our Touhy request concerning the above-referenced matter. In his denial, Mr. Contreras states several reasons why disclosure of the information sought in our request is allegedly prohibited. This letter addresses the issues raised by Mr. Contreras and seeks to alleviate his concerns by further explaining our request. In addition, please consider this letter as our supplemental request in accordance with the last paragraph of Mr. Contreras's July 18th denial.

1. **Permitting the Plaintiff to Depose Elisa Poteat is Proper Pursuant to 5 U.S.C. §552a(b)(1)**

The main issue raised by Mr. Contreras is that Ms. Poteat's testimony will violate the Privacy Act. *See* 5 U.S.C. §552a. However, section (b)(11) of the statute provides that records and communications under the Privacy Act shall not be disclosed "<u>unless disclosure of the record would be-- pursuant to the order of a court of competent jurisdiction;...</u>" As you are aware, on April 10, 2006, the Superior Court of the District of Columbia issued a subpoena ordering that Ms. Poteat appear for deposition. *See* Order attached. The Superior Court is a "court of competent jurisdiction" under the Privacy Act. *See Robinett v. State Farm Mut. Auto. Ins. Co.*, 83 Fed. Appx. 638 (5th Cir. 2003) (holding that "<u>release of veteran's medical files to insurer pursuant to *state court subpoena* fell within Privacy Act exception for orders of court of competent jurisdiction</u>").



**Joseph
  Greenwald
     & Laake**

W. Mark Nebeker
July 19, 2006
Page 2

  Thus, because a "court of competent jurisdiction" ordered Ms. Poteat to appear and testify at a deposition, the United State's Attorney's Office is shielded from potentially violating the Privacy Act.

  2. **Elisa Poteat's Deposition Testimony Can Narrowly Tailored to Avoid Concerns About the Privacy Act**

  While we believe that Mr. Contreras's concerns about the Privacy Act are unfounded based upon the analysis above, such concerns should be further alleviated based upon the subject matter of Ms. Poteat's testimony.

  The plaintiff is *only* interested in information relating to conversations that Ms. Poteat had with the Prince George's County Police Department with respect to the plaintiff, Keith Longtin. As I stated in my July 18th letter:

> At deposition, Ms. Poteat will be asked questions concerning her *personal knowledge concerning the plaintiff's wrongful incarceration*. Specifically, during the plaintiff's incarceration, we are told by certain of the defendants that Ms. Poteat contacted Prince George's County authorities to suggest that a serial rapist who she was prosecuting in D.C. may have committed the crimes Mr. Longtin was accused of committing. The Prince George's County Police Department (PGPD) ignored this information and information from some of its own investigations, all of which pointed to the actual perpetrator, Antonio Oesby, whom Ms. Poteat successfully prosecuted.

*See* July 18th Letter from plaintiff's counsel. (emphasis supplied). Clearly, the focus of Ms. Poteat's deposition will be on the fact that she informed the PGPD that the plaintiff was wrongfully incarcerated and the PGPD ignored this information. Thus, the plaintiff will not inquire into Mr. Oesby's case at all and, in fact, Ms. Poteat need not even mention his name except to state that she was the prosecutor in his case. In this regard, Mr. Contreras's claim that "even if Ms. Poteat were able to recall events independently of the information in the files, [such information] is still subject to the Privacy Act, [because] she participated in gathering the information for the file in the first place," is inapposite because the Ms. Poteat will not be required to disclose any information whatsoever regarding Mr. Oesby's case.

**Joseph**
  **Greenwald**
    **& Laake**

W. Mark Nebeker
July 19, 2006
Page 3

### 3. Discovery is Still Open With Respect to Elisa Poteat's Deposition

In Mr. Contreras's letter, he states that during our July 18th conversation, I informed you that discovery in our case is closed. Please understand that the plaintiff noted Ms. Poteat's deposition *prior to the close of discovery* and a Prince George's County judge has ruled that plaintiff may continue to pursue the taking of Ms. Poteat's deposition up until trial, which begins on August 14th. Therefore, 28 C.F.R. §16-26(a)(1) is inapplicable and should not weigh in Mr. Contreras's decision to allow Ms. Poteat to testify.

I would like to emphasize that while it is the plaintiff's goal to depose Ms. Poteat in accordance with the April 10, 2006 subpoena, due to the fact that trial is less than one month away, we are willing to agree to meet with Ms. Poteat rather than depose her. Such a meeting could take place at your offices and in your presence.

While we desire a quick resolution to this matter, if your office continues to object to our request to depose and/or speak with Ms. Poteat, we will be left with no choice but seek a judicial remedy. However, because we believe that resort to the court system is not in the interest of our office or yours, we will hold off on filing any motions or pleadings until this Friday, July 21, 2006.

Thank you in advance for your prompt attention to this matter.

Please let us know if there is any additional information we can provide or any accommodations we can make for your convenience in addressing the matters raised herein.

Very truly yours,

JOSEPH, GREENWALD & LAAKE, P.A.

Paul R. Sciubba