

**U.S. Department of Justice**

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

July 21, 2006

Paul R. Sciubba, Esq.
JOSEPH, GREENWALD & LAAKE, P.A.
6404 Ivy Lane
Suite 400
Greenbelt, MD  20770
and by fax: (301) 220-1214

In Re: Touhy Request in Longtin v. P.G. County,
    Case No. 01-23689 (P.G. County, MD).

Dear Mr. Sciubba:

This office has received your July 19, 2006 letter, which we treat as a supplement to the request by Mr. Cary J. Hansel, Esq., of your office in the above matter and which we have considered under 28 C.F.R. § 16.21 et seq. and United States ex rel Touhy v. Ragen, 340 U.S. 462 (1951).

You contend in your supplement that the Privacy Act concerns reflected in our letter dated July 18, 2006 are unfounded because you have secured an order from the Superior Court for the District of Columbia allowing the requested testimony. You rely on the exception in the Privacy Act under which a disclosure may be made "pursuant to the order of a Court of competent jurisdiction." 5 U.S.C. § 552a(b)(11). We had, in fact, considered this provision, but believe that the law in this Circuit is, as reflected in our April 17, 2006 Memorandum Of Points And Authorities In Support Of Motion To Quash, that the Superior Court has no jurisdiction in matters such as these. Houston Business Journal v. OCC, 86 F.3d 1208, 1211 (D.C. Cir. 1996) (the district court lacked subject-matter jurisdiction to hear the motion to compel, because its jurisdiction upon removal is derived from the state court).

In Houston Business Journal, the Circuit clearly recognized that where an agency has enacted valid Touhy regulations, a federal court litigant may not obtain a subpoena *ad testificandum* against an employee of a federal agency, but "the litigant must proceed under

the APA and the federal court will review the agency's decision not to permit its employee to testify under an 'arbitrary and capricious' standard." 86 F.3d at 1212 n. 4 (citing Moore v. Armour Pharm. Co., 927 F.2d 1194, 1197 (11th Cir. 1991); Davis Enters. v. EPA, 877 F.2d 1181, 1186 (3d Cir. 1989), cert. denied, 493 U.S. 1070, 110 S.Ct. 1113, 107 L.Ed.2d 1020 (1990)).

Ho v. United States, 374 F.Supp.2d 82, 83 (D.D.C. 2005) (footnotes omitted), appeal dismissed 2006 WL 1675318 (June 12, 2006).

We are mindful of the existence of the decision in Robinett v. State Farm Mutual Automobile Co., 83 Fed. Appx. 638, 2003 WL 22966127 (5th Cir. 2003), and similar case law, but must be guided in the first instance by the binding precedent in this jurisdiction, i.e. Houston Business Journal. See also Louisiana v. Sparks, 978 F.2d 226, 235 n.15 (D.C. Cir. 1992) ("The state trial court believed that 5 U.S.C. § 552a(b)(11) - which makes an exception to the Privacy Act's general proscription of disclosure of material protected under that Act if 'a court of competent jurisdiction' orders disclosure - was evidence of a sweeping waiver of sovereign immunity. There is no indication that this exception to the Privacy Act's normal operation evinces congressional intent to broadly waive the sovereign immunity of agencies such as the Justice Department when ordered to comply with state court subpoenas. Rather, § 552a(b)(11) is simply an exception to the operation of the Privacy Act. In any event, in the instant case that exception is inoperative because in the present procedural posture of the case, no court-state or federal-possesses jurisdiction to enforce a state court subpoena."). Moreover, analysis in Robinett found it significant that the VA's reliance on the state court order undercut any claim that the disclosure was "intentional or willful." Robinett, 2003 WL 22966127 at *1. Thus, even in Robinett, the Court's analysis left room for the conclusion that the state court may not have been a court of competent jurisdiction, but the error in releasing records pursuant to the state court order was unintentional and thus not actionable under 5 U.S.C. § 552a(g)(4).

Your July 19, 2006 supplement also suggests that Ms. Poteat's testimony may simply avoid any reference to the name of the individual whose records are maintained in our system of records, and thereby avoid any Privacy Act concerns. This suggestion ignores two issues: 1) Privacy Act actions have proceeded even where the individual's true name was not released to the public. See Lohrenz v. Donnelly 223 F.Supp.2d 25, 31

(D.D.C. 2002) ("In the Thurmond letter, plaintiff Lohrenz was not identified by name; she was referred to only as 'Pilot B' in a purported effort to protect her identity. It was, however, well known that there were only two women carrier-qualified as F-14 pilots, so plaintiff's identity as 'Pilot B' was no mystery to other naval aviators, other officers and crew aboard the U.S.S. Abraham Lincoln, and any other individuals who were familiar with the naval aviation community."); Cummings v. Department of Navy, 116 F.Supp.2d 76, 78 (D.D.C. 2000) (Privacy Act claim premised on injury from publication of a book using an alias of "Sally Hopkins.") We have conferred with Ms. Poteat in this matter and have concluded that under the circumstances of the case at issue, it is likely that any information which Ms. Poteat could provide would be readily traceable to a particular prosecution she handled in this office. This is so particularly in the context of the documents you have sought in the litigation. See Amended Notice Of Videotaped Deposition Duces Tecum, Documents To be Produced Nos. 1 and 4. Indeed, a search of the worldwide web for the terms "Longtin" and "rape" through the search engine Google.com, promptly revealed the name of a man arrested by the District of Columbia police named Oesby. See http://www.law.northwestern.edu/clinic/Articles/Allegations.htm.

Moreover, your intent to stay clear of information implicated by the Privacy Act does not mean that the inquiries you intend to make are not, in fact inquiries into the very facts that are contained in our systems or records. You insist that you seek to inquire:

> concerning [Ms. Poteat's] personal knowledge concerning the plaintiff's wrongful incarceration. Specifically, during the plaintiff's incarceration, we are told by certain of the defendants that Ms. Poteat contacted Prince George's County authorities to suggest that a serial rapist who she was prosecuting in D.C. may have committed the crimes Mr. Longtin was accused of committing.

July 19, 2006 Letter at 2. It is difficult to see how you could inquire into any communications that Ms. Poteat may have had with P.G. County to convince them that she was prosecuting the Maryland murderer for a D.C. rape, without Ms. Poteat disclosing information from our criminal case file on that defendant. Moreover, the defense attorneys would likely be permitted to cross-examine Ms. Poteat, and however well-intentioned you may be in seeking to protect against disclosure of Privacy Act information, the defendants' attorneys may not be willing or able effectively to cross-examine the witness without asking questions

the answers to which are located in the criminal case files of this office.

Thus, upon careful and further consideration of the factors set forth in the applicable regulations, we have concluded that production of the requested information should still be denied.

We regret that we were not able to provide a more favorable response. If you have any questions or concerns, please contact Assistant United States Attorney W. Mark Nebeker at (202) 514-7230.

                              Sincerely,

                              KENNETH L. WAINSTEIN
                              United States Attorney

        By:                   RUDOLPH CONTRERAS
                              Chief, Civil Division



U.S. Department of Justice
United States Attorney
District of Columbia

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*



# FAX

To: Paul R. Sciubba, Esq        From: Rudolph Contreras

Case: Longtin                   C.A.: _____
Date: 7/21/06                   Time: _____
Fax: (301) 220-1214             Phone: (202) _____
                                       (202) 514-8781 or 80 (Fax)

Page(s): including cover
Remarks: 7/21/06 letter

(HARD COPY)     WILL BE MAILED ✓     WILL NOT BE MAILED ____

## CONFIDENTIAL U.S. ATTORNEY FACSIMILE COMMUNICATION

The information contained in this facsimile message, and any and all accompanying documents constitutes confidential information. This information is the property of the U.S. Attorney's Office. If you are not the intended recipient of this information, any disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited. If you received this message in error, please notify us immediately at the above number to make arrangements for its return to us.

```
***********************
   TRANSMISSION REPORT
***********************
```

(FRI) JUL 21 2006 17:01
U.S. ATTTORNEY'S      OFFICE

| DOCUMENT # | TIME STORED | TIME SENT | DURATION | PAGE(S) | MODE | RESULT |
|---|---|---|---|---|---|---|
| 4861391-431 | 7. 21 16:59 | 7. 21 17:00 | 55" | 5 | ECM | OK |

| DESTINATION | DST. TEL # |
|---|---|
| 93012201214 | 93012201214 |



**U.S. Department of Justice**
**United States Attorney**
**District of Columbia**

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

# FAX



To: __Paul R. Sciubba, Esq__    From: __Rudolph Contreras__

Case: __Longtin__    C.A. _____
Date: __7/21/06__    Time: _____
Fax: __(301) 220-1214__    Phone: (202)
                            (202) 514-8781 or 80 (Fax)

Page(s):    including cover
Remarks:    __7/21/06 letter__