IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH LONGTIN | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   Civil Action No.  06-CV-1302 |
| | * |
| UNITED STATES DEPARTMENT | * |
| OF JUSTICE, *et al.* | * |
| | * |
| Defendants. | * |

**PLAINTIFF'S REPLY TO DEFENDNATS' OPPOSITION TO PLAINTIFF'S
MOTION FOR TEMPORARY RESTRAINING ORDER**

Comes now the Plaintiff, Keith Longtin, by and through his attorney, Cary J. Hansel, Paul R. Sciubba and the law firm of Joseph, Greenwald & Laake, P.A., and pursuant to Federal Rule of Civil Procedure, files this Reply to Defendants' Opposition to Plaintiff's Motion for Temporary Restraining Order, and respectfully states as follows:

1. This is a simple case that the Defendants needlessly complicate in their Opposition.

2. In their denial of the Plaintiff's Touhy request, the Defendants argued that they were prohibited from releasing the information sought by the Plaintiff because disclosure was covered under the Privacy Act.

3. The Defendants claimed that unless a "court of competent jurisdiction" ordered disclosure of the information sought by the Plaintiffs, they could not release the information.

4. In an attempt to obtain an order from a "court of competent jurisdiction" *see* 5 U.S.C. §552a(b), the Plaintiff obtained an Order for a Commission from a state court judge in Maryland and a subpoena from a judge in the District of Columbia Superior Court.

5. The Defendants moved to quash the subpoena on the basis that a state court has no subpoena power over federal agencies and, therefore, the Superior Court is not a "court of competent jurisdiction."

6. As authority for this proposition, the Defendants relied on *Houston Business Journal, Inc. v. Office of Comptroller of the Currency*, 86 F.3d 1208, 1212 (D.C. Cir. 1996), for the proposition that "[i]f [an] agency refuses to produce the requested [discovery pursuant to a plaintiff's Touhy request], **the *sole remedy* for the state-court litigant is to file a collateral action in federal court under the APA.**" *Id*.

7. The Plaintiff, following the direction of the United States Court of Appeals for the District of Columbia, has now filed a "collateral action in federal court under the APA."

8. Incredibly, the Defendants now argue that this Court is prohibited from issuing an Order because it is bound to review Touhy denial on an arbitrary and capricious standard and since the Plaintiff did not have an order of a "court of competent jurisdiction" at the time of the denial, the denial was not arbitrary and capricious.[1]

9. Accepting the Defendants' reasoning in this case would read the "court of competent jurisdiction" exception to the Privacy Act out of the statue and act as a complete bar to any litigant seeking to obtain information from a federal agency or depose a federal employee.

10. In this regard, it is well settled that where a regulation conflicts with a statute the regulation is invalid because it is exceeds the agency's authority. *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81 (2002) (affirming a Eighth Circuit ruling which found that where the "regulation was in conflict with the statute [the regulation was] invalid"); *U.S. v.*

---

[1] **At this point, it is entirely clear to the Plaintiff that the Defendants have read Joseph Heller's novel "Catch 22."**

*Morrison*, 529 U.S. 598, 640 (2000) ("When Congress acts with reference to a matter confided to it by the Constitution, then its statutes displace all conflicting… regulations touching that matter…")

11. In addition to the circular reasoning of the Defendants' Opposition, substantively, their denial of the Plaintiff's Touhy request was not based on substantial evidence, ignored certain undisputed facts, was arbitrary, capricious, and not in accordance with law.

12. The Plaintiff is not interested in information relating to Antonio Oesby; but is merely seeking communications between AUSA Elisa Poteat and Prince George's County Officials.

13. Additionally, the fact that the Defendants obtained an affidavit from AUSA Poteat is inapposite as Ms. Poteat has no personal knowledge of the questions she might be asked in a deposition.

Wherefore, the above premises considered, the Plaintiff respectfully requests that this Honorable Court grant his Motion for Temporary Restraining Order.

                Respectfully submitted,

                JOSEPH, GREENWALD & LAAKE, P.A.

                _____/s/_____
                Cary J. Hansel (Bar No. 14722)
                Paul R. Sciubba (Bar No. 16635)
                6404 Ivy Lane, Suite 400
                Greenbelt, MD  20770
                (301) 220-2200
                *Attorneys for Plaintiff*