UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KEITH LONGTIN,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF JUSTICE,** *et al.*,<br><br>    **Defendants.** | Civil Action No. 06-1302 (JMF) |

**MEMORANDUM ORDER**

This matter was referred to me, upon consent of the parties, for all purposes including trial. The case originates in the United States Attorney's decision to deny, relying on the Privacy Act, 5 U.S.C. § 552a,[1] plaintiff Keith Longtin's request for the production of certain documents and the right to depose an Assistant United States Attorney where there was an order issued by the Superior Court of the District of Columbia permitting the sought-after deposition.

As a result of the denial of his request, plaintiff has filed a complaint under the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, as well as a motion for a temporary restraining order. While styled as a motion for a temporary restraining order or a preliminary injunction, plaintiff's motion actually seeks a permanent injunction that would command the United States to require the Assistant United States Attorney to testify at a trial in the Circuit

---

[1] All references to the United States Code and the Code of Federal Regulations are to the electronic versions that appear in Westlaw and Lexis.

Court for Prince George's County, Maryland, currently scheduled to begin on August 14, 2006. See Plaintiff's Motion for Temporary Restraining Order ("Pls. Mot.") at 3.

I held a hearing on plaintiff's motion on July 31, 2006, at which the parties agreed that I should consolidate the trial on the merits of this civil action with the hearing on the preliminary injunction, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, and deem the matter ripe for adjudication by summary judgment. At the hearing, the parties agreed that the following facts are not in dispute:

1. Elisabeth Poteat ("Poteat") is an Assistant United States Attorney in the District of Columbia.

2. Keith Longtin ("Longtin") was arrested in Prince George's County, Maryland and charged with the rape and murder of his wife, Donna Zinetti.

3. A DNA analysis of semen recovered from Zinetti's corpse was the semen of a man named Antonio Oesby ("Oesby"). Prince George's County law enforcement authorities were aware of this information no later than January 11, 2000.

4. Poteat was involved in the prosecution of Oesby for other crimes in the District of Columbia.

5. Upon the application of Longtin's counsel in a civil action brought by Longtin against Prince George's County and other defendants in Maryland, a Maryland court ordered that the deposition of Poteat be taken. The Superior Court of the District of Columbia, relying on that order, issued an order directing that Poteat be deposed.

6. The United States Attorney's Office denied Longtin's counsel's request for Poteat's testimony and certain files by letters dated July 18 and July 21, 2006.

7.  The trial in Longtin's civil action in Maryland is scheduled to begin on August 14, 2006.

## ANALYSIS

The Department of Justice has adopted so called "Touhy"[2] regulations that set forth (1) the requirements that a litigant must follow to request records from or the deposition of a person employed by the Department of Justice when the Department of Justice is not a party to that litigation, and (2) the standards by which the representative of the Department of Justice is to determine whether to permit access to the sought-after records or deposition. See 28 C.F.R. § 16.26. If a federal agency has adopted so-called Touhy regulations, the court's power is limited to a review of the determination made pursuant to that regulation to ascertain whether the determination was arbitrary, capricious, and unreasonable. Houston Bus. Journal, Inc. v. Office of the Comptroller of the Currency, 86 F.3d 1208, 1212 (D.C. Cir. 1996).

Plaintiff concedes as much, but focuses on the provisions of the Privacy Act that indicate that a disclosure made pursuant to an order of a court of competent jurisdiction is exempted from the requirements and prohibitions of the Privacy Act. See 5 U.S.C. § 522a(b)(11). He then reasons that, because the Superior Court issued an order for Poteat to be deposed, Poteat must be permitted to be so deposed and to produce the sought-after documents.[3] To prevail on this

---

[2] See United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).

[3] Plaintiff previously served a subpoena *duces tecum* on the United States Attorney's Office, which the government, in separate miscellaneous actions before this Court, has moved to quash. See Miscellaneous Case Nos. 06-164 and 06-165. In that subpoena, plaintiff sought the United States Attorney's entire file relating to the Oesby case and to depose Poteat. As indicated in his briefing on the present motion for a restraining order and at the hearing on that motion, plaintiff has now narrowed his request to include only testimony regarding Poteat's alleged conversation with a Prince George's County official about the prosecution of Oesby and its relation to the arrest and detention of plaintiff and any notes that Poteat may have taken during that conversation.

argument, plaintiff would have to show either (1) that the Privacy Act, by the force of the exemption itself, compelled Poteat to testify or (2) that, in concluding that the exemption did not require Poteat to testify, the Department of Justice misread the law and was therefore arbitrary and capricious in its denial of plaintiff's Touhy request.

### The Privacy Act Does Not Waive Sovereign Immunity

It is settled beyond all question that the sovereign immunity of the United States precludes a state court from enforcing a subpoena or a subpoena *duces tecum* issued by a state court and served on a non-party federal government agency. Houston Bus. Journal, 86 F.3d at 1211. It, therefore, follows that a federal court must quash such a subpoena when the federal official or agency upon whom the subpoena was served removes the state court action to a federal court because the federal court lacks jurisdiction to enforce it. Id. at 1212.

Accordingly, to prevail on his present argument, plaintiff must show that the exemption in the Privacy Act upon which he relies was intended by Congress to waive the sovereign immunity of the United States[4] to the extent that sovereign immunity would preclude the enforcement of a state court subpoena served on a federal official. Unfortunately for plaintiff, the United States Court of Appeals for the Fifth Circuit rejected that precise contention in Louisiana v. Sparks, 978 F.2d 226 (5th Cir. 1992). As the court explained:

> The state trial court believed that 5 U.S.C. § 552a(b)(11)-which makes an exception to the Privacy Act's general proscription of disclosure of material protected under that Act if "a court of competent jurisdiction" orders disclosure-was evidence of a sweeping waiver of sovereign immunity. There is no indication that this exception to the Privacy Act's normal operation evinces congressional intent to broadly waive the sovereign immunity of agencies such as the Justice Department when ordered to comply

---

[4] A waiver of sovereign immunity cannot be implied, but must be unequivocally expressed. United States v. Mitchell, 445 U.S. 535, 538 (1980).

>with state court subpoenas. Rather, § 552a(b)(11) is simply an exception to the operation of the Privacy Act. In any event, in the instant case that exception is inoperative because in the present procedural posture of the case, no court-state or federal-possesses jurisdiction to enforce a state court subpoena. Section 552a(b)(11), however, would be applicable should Sparks institute a federal cause of action under the Administrative Procedure Act or the Freedom of Information Act.

Louisiana, 978 F.2d at 235 n.15.[5] Therefore, the only appropriate reading of the exception is that it operates to exempt a federal government agency that makes a disclosure pursuant to a court order from a suit based on that disclosure. It would mean that, if plaintiff prevails in this case and secures the order he seeks, then the disclosure made by the Department of Justice pursuant to that order could not be the premise of a suit against the Department of Justice by Oesby. But the exception certainly does not mean that the United States has waived its sovereign immunity by enacting this exception to the Privacy Act and that state courts can, therefore, enforce subpoenas served on a federal government agency or official.

    Moreover, neither the Superior Court of the District of Columbia nor the Circuit Court for Prince George's County, Maryland constitute a "court of competent jurisdiction," as required by the exception. As just discussed, both of those courts lack jurisdiction to issue an order compelling a federal official to comply with a state court subpoena – the only remedy available is to commence a federal action, under the Administrative Procedure Act, seeking review of the

---

[5] Plaintiff relies heavily on a subsequent Fifth Circuit case called Robinett v. State Farm Mut. Auto. Ins. Co., 83 Fed. Appx. 638 (5th Cir. 2003). Not only is that case not binding on courts in this circuit, but, as an unpublished per curiam opinion, it is not even binding on courts in the Fifth Circuit. See Fifth Circuit Local Rule 47.5.4. Moreover, even considering the Robinett case as persuasive authority, it simply holds that a federal government agency cannot be found liable for violating the Privacy Act if it relies on a court order when making the disclosure – it does not reach the issue of what constitutes an order of a court of competent jurisdiction. See Robinett, 83 Fed. Appx. at 639.

Department of Justice's decision not to permit Poteat to testify. Houston Bus. Journal, 86 F.3d at 1212.

### The Decision of the Department of Justice Was Not Arbitrary and Capricious

The only way to overturn the Department of Justice's denial of plaintiff's Touhy request is to file a civil complaint under the Administrative Procedure Act and to establish that the decision made by the Department of Justice was arbitrary, capricious, and unreasonable. Based on the undisputed facts, plaintiff cannot establish that the Department of Justice's decision was arbitrary, capricious, and unreasonable.

Poteat has asserted under oath that it would be impossible for her to answer questions pertinent to plaintiff's Maryland case without disclosing information that is contained in the Oesby files. Declaration of Elisabeth Poteat, attached to Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Temporary Restraining Order. Plaintiff insists that a distinction can nevertheless be drawn between, on the one hand, asking Poteat specifically what is in the Oesby files and, on the other hand, asking her about her "personal knowledge" of her alleged phone call with a Prince George's County official. The Department of Justice rejected this contention in denying plaintiff's Touhy request, explaining:

> [E]ven if Ms. Poteat were able to recall events independently of the information in the files, our Court of Appeals has held that the release of the information is still subject to the Privacy Act, where she participated in gathering the information for the file in the first place. See Bartel v. Federal Aviation Admin., 725 F.2d 1403, 1408 (D.C. Cir. 1984).

Pls. Mot. Exh. 4 at 3.

In Bartel, the plaintiff complained about letters and a phone call that disclosed

that an investigation had been conducted into his behavior while employed by the government. Bartel, 725 F.2d at 1405-06.  In its defense, the government contended that the Privacy Act provision that prohibited the disclosure of a record, see 5 U.S.C. § 552a(b), did not apply to the letters or the phone call because "the information they contained was not physically retrieved from the [Report of Investigation] by Vincent, but rather came from his independent knowledge of the investigation and its results." Bartel, 725 F.2d at 1407.  The court of appeals rejected this interpretation of the Privacy Act, which limited its application to a "retrieval" rule and barred only the disclosure of information retrieved from a protected record.  Instead, the court of appeals held that the protections of the Privacy Act extend to an agency official's "disclosing information in a record that he may not have read but . . . had a primary role in creating and using." Id. at 1411.  Accord Pilon v. United States Dep't of Justice, 73 F.3d 1111, 1118 (D.C. Cir. 1996) (reading Bartel to hold that the Privacy Act applied when an official disclosed his personal recollection of an investigation that he had instituted, despite the fact that he may not have reviewed the pertinent record before doing so); Jacobs v. Nat'l Drug Intelligence Ctr., 423 F.3d 512 (9th Cir. 2005) (Bartel followed); Wilborn v. Dep't of Health and Human Servs., 49 F.3d 597 (9th Cir. 1995) (same).

      The Department of Justice's determination, just quoted, that Poteat would violate the Privacy Act by disclosing what was contained in a record that she had a primary role in creating was, at the very least, a fair and justifiable reading of the Bartel decision.  Accordingly, I cannot find that the decision was arbitrary, capricious, or unreasonable.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for a preliminary injunction is **DENIED** and summary judgment is **GRANTED** in defendants' favor. The clerk of the court is instructed to enter final judgment in defendants' favor.

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: